THE STATE, EX REL. ALFORD ET AL., APPELLANTS, *v.*
WILLOUGHBY CIVIL SERVICE COMMISSION ET AL., APPELLEES.

(No. 78-373—Decided May 30, 1979.)

*Messrs. Lucas, Prendergast, Albright, Gibson, Brown & Newman, Mr. Peter J. Gee* and *Mr. Robert J. Walter,* for appellants.

*Mr. J. Melvin Andrews,* for appellee Willoughby-Eastlake Board of Education and its clerk-treasurer.

*Mr. B. Lawrence Allen,* director of law, for appellee Willoughby Civil Service Commission and its individual members.

*Mr. Theodore R. Klammer,* director of law, for appellee Eastlake Civil Service Commission and its individual members.

*Messrs. Baker, Byron & Hackenberg, Mr. Barry M. Bryon,* director of law, and *Mr. Abraham Cantor,* for appellee Willowick Civil Service Commission and its individual members and Willoughby Hills Civil Service Commission and its individual members.

HOLMES, J. In construing a complaint upon a motion to dismiss for failure to state a claim, the material allegations of the complaint are taken as admitted. *Jenkins* v. *McKeithen* (1969), 395 U. S. 411, 421. Then, before the court may dismiss the complaint, "* * * it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery. * * *" *O'Brien* v. *University Community Tenants Union* (1975), 42 Ohio St. 2d 242.

In order to establish a claim in mandamus, it must be proved that there exists a clear legal duty to act on the

part of a public officer or agency, and that the relator has no plain and adequate remedy in the ordinary course of the law. *State, ex rel. Pressley*, v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141, paragraph one of the syllabus. A complaint in mandamus states a claim if it alleges the existence of the legal duty and the want of an adequate remedy at law with sufficient particularity so that the respondent is given reasonable notice of the claim asserted.

With this understanding of the underlying procedural rules, we now turn to a consideration of the complaint dismissed by the Court of Appeals.

## I.

Count one of the complaint alleges that three of the appellants were employed, prior to September 1, 1976, by the board of education, the body charged with the management of the Willoughby-Eastlake City School District. It is alleged further that appellants are entitled to the protections afforded employees in the classified civil service, including the removal provisions of R. C. 124.34. Appellants claim that they were not removed in compliance with the statutory requirements, and that they have no adequate remedy at law.

We hold that count one of the complaint states a claim in mandamus, and that a writ should issue if appropriate supportive evidence is submitted upon the merits.

R. C. 124.11(B) provides, in relevant part, that:

"The classified service shall comprise all persons in the employ of the state * * * and city school districts thereof, not specifically included in the unclassified service. * * *"

This section places unskilled laborers employed by city school districts within the classified civil service, unless their positions are exempted therefrom by a properly entered order of the civil srvice commission, pursuant to R. C. 124.11(A)(12). *State, ex rel. Ohio Assn. of Pub. Sch. Employees*, v. *Civ. Service Comm.* (1976), 45 Ohio St. 2d 295. Nothing in the complaint indicates that appellants have been exempted from the classified service. Therefore,

it would appear that the appellants are entitled to the protections afforded classified civil servants.

One of those protections is the removal procedure set forth in R. C. 124.34. That section provides, in part, that:

"The tenure of every officer or employee in the classified service of the state * * * and city school districts thereof, holding a position under this chapter of the Revised Code, shall be during good behavior and efficient service * * *.

"In any case of * * * removal, the appointing authority shall furnish such employee with a copy of the order of * * * removal, which order shall state the reasons therefor. Such order shall be filed with the director of administrative services and state personnel board of review, or the commission, as may be appropriate.

"Within ten days following the filing of such order, the employee may file an appeal, in writing, with the state personnel board of review or the commission. * * *"

R. C. 124.34 enjoins the appointing authority, in this instance the board of education, to remove employees in the manner specified therein. The failure to comply with this duty, as alleged in the complaint, would, if proven by relators upon the merits, render the removal void and would entitle the appellants to a writ commanding reinstatement. See *State, ex rel. Brittain,* v. *Bd. of Agriculture* (1917), 95 Ohio St. 276, 287; *State, ex rel. Bay,* v. *Witter* (1924), 110 Ohio St. 216, 223.

Appellees, board of education and Eastlake Civil Service Commission, urge that the complaint was properly dismissed by the Court of Appeals because appellants failed to allege that they were appointed from an eligibility list following a competitive examination. In support of this proposition they cite *State, ex rel. Stein,* v. *Dept. of Highways* (1940), 136 Ohio St. 252; *State, ex rel. Lynch,* v. *Taylor* (1940), 136 Ohio St. 417; *State, ex rel. Baker,* v. *Wichert* (1953), 159 Ohio St. 50; and *State, ex rel. Stough,* v. *Bd. of Edn.* (1977), 50 Ohio St. 2d 47.

In *Stein, supra,* the court denied the relator a writ of

mandamus in that he failed to show that the statutory requirement that "[v]acancies in the labor class shall be filled by apointment from lists of applicants registered by the commission" had been fulfilled. In other words, there was not shown to be a compliance with the statutory registration requirement and, therefore, the relator could not claim the tenure secured to those persons in the classfied service.

In *Lynch, supra,* the court stated that the statute controlling the provisional appointment of a person in the classified service provided that the nominee could be certified by the commission as being qualified only after a noncompetitive examination; and, in that the relator had been appointed as a clerk in the department of liquor control prior to his certification by the commission, the provisional appointment was not valid, and the relator could not claim the benefit of civil service protection.

In *Baker, supra,* the court held that the relatrix, a clerk in an office of the city of Cuyahoga Falls, who had never taken a civil service examination, either competitive or noncompetitive, had no standing as a civil service employee, and was not entitled to the benefits and protection of the civil service law.

*Stough, supra,* upheld the validity of the contention, in a case "where properly raised," that a person who is not properly tested and appointed from a civil service list is not entitled to the protections of civil service.

We hold that in fact situations such as those found within *Stein, Lynch* and *Baker, supra,* the question of whether there was proper testing, or the removal of an individual's name from an eligibility list, may be properly raised. However, here, the civil service commissions have not established testing procedures, or maintained eligibility lists as required by R. C. Chapter 124. Respondents should not be permitted to assert their own neglect of duty in this regard to deny the relators their statutory protections within civil service. To the extent that these cited cases can be interpreted to deny relief to these appellants,

under the instant fact situation, such holdings are hereby overruled.

R. C. 124.11(B)(2) prescribes the appointment procedures for positions within the unskilled labor class of the classified civil service. That section provides, in part, that: "* * * The * * * commission shall in * * * [its] rules require an applicant for registration in the labor class to furnish such evidence or take such tests as the director deems proper with respect to age, residence, physical condition, ability to labor, honesty, sobriety, industry, capacity, and experience in the work or employment for which he applies. * * *"

R. C. 124.11(B)(2) does not require a civil service examination *per se;* rather, it requires an applicant for an unskilled labor position to comply with the commission's regulations regarding testing or the furnishing of evidence. There is nothing in the record to indicate that any of the appellee civil service commissions have enacted regulations prescribing either examinations or the furnishing of evidence that an applicant is qualified for the position he seeks. The commissions' failure to execute the duties imposed upon them by statute should not place appellants outside the protection of the civil service laws.

R. C. 124.11(B) places appellants within the classified civil service. Were we to hold that appellants are exempted from the safeguards of R. C. 124.34 because the appellees failed to comply with the duties enjoined upon them by statute, we would encourage the continuing evasion of the civil service laws by those charged with their enforcement.

Among the fundamental purposes of the civil service laws is the protection of classified civil servants from unjust charges of misconduct or inefficiency. *State, ex rel. Buckman,* v. *Munson* (1943), 141 Ohio St. 319, paragraph one of the syllabus. To effectuate this purpose, this court has held that irregularities in the appointment procedure will not divest a classified government employee of his statutory rights, at least where those irregularities are the re-

sult of a mistake or dereliction of duty on the part of the civil service commission. See, *e. g., State, ex rel. Mikus,* v. *Hirbe* (1966), 7 Ohio St. 2d 104. See also, *State, ex rel. Byrd,* v. *Sherwood* (1942), 140 Ohio St. 173; *Kluth* v. *Andrus* (1952), 157 Ohio St. 279; and *State, ex rel. Polen,* v. *Wymer* (1973), 36 Ohio St. 2d 24.

Although it is recognized that, in those cases, the employee had taken an examination prior to completing his probationary period, we are persuaded that the principle as enunciated in those cases should be extended to such a case as this where the civil service commissions have completely failed to carry out the requirements of R. C. Chapter 124.

A person holding a position within the unskilled labor class of the classified civil service is not denied the protections afforded by R. C. Chapter 124 because of the failure of a civil service commission to promulgate and implement such rules as are necessary for the furnishing of such evidence, or the taking of such test, as the Director of Administrative Services deems proper for the determination of whether the laborer is capable and fitted for performing the work or employment for which he applies.

Appellees also contend that the three discharged appellants had a right to appeal their removal to the civil service commission and, having failed to exercise that right, cannot now attack the removal collaterally by a complaint in mandamus. This alleged right of appeal was, in the main, the basis for the Court of Appeals' dismissal of count one of the complaint.

We note that appellants' complaint does not disclose such a failure to appeal. Paragraph No. 10 of the complaint alleges that "[r]elators do not have an adequate remedy at law." Because the material allegations of the complaint are to be taken as admitted for purposes of the motion to dismiss, and because it must "appear beyond doubt *from the complaint* that the plaintiff can prove no set of facts entitling him to recovery * * * " (emphasis added), *O'Brien, supra,* we hold that the Court of Appeals erred in dismissing the complaint on this ground.

One seeking a writ of mandamus states a claim if the complaint sufficiently alleges a clear legal duty and the lack of an adequate remedy at law. Appellants' allegation that they had no adequate remedy at law is sufficient under Civ. R. 8(E) (1) which states that:

"Each averment of a pleading shall be simple, concise and direct. No technical forms of pleading or motions are required."

However, even if appellants did fail to appeal their removal, the right to appeal an order of removal to the civil service commission is contingent upon the appointing authority filing the order of removal with the commission. R. C. 124.34 states that: "Within ten days *following the filing of such order*, the employee may file an appeal * * *." (Emphasis added.)

R. C. 124.34 grants a right of appeal to a discharged classified employee upon the performance of a condition precedent—the filing of the order of removal with the commission by the appointing authority. In this cause, if no order was filed with the commission, then the appellants had no right of appeal, and no adequate remedy in the ordinary course of the law. In such circumstances, mandamus will lie to compel reinstatement. See *State, ex rel. Brittain, supra* (95 Ohio St. 276); and *State, ex rel. Bay, supra* (110 Ohio St. 216).

## II.

In count two of the complaint, the three discharged employees were joined by six persons presently employed by the board of education, seeking to compel the board and the appellee civil service commissions to perform the duties enjoined upon them by R. C. Chapter 124.

The Court of Appeals dismissed the second count of the complaint because it found that "* * * relators seek no remedy from any of the respondents except compliance with Chapter 124 of the Revised Code. They indicate neither what duty under the chapter shall be specifically enjoined, nor in what respect the board and commissions have not complied with that chapter to the specific detriment of the relators."

Upon a review of the complaint and the stance of these nonteaching employees of this school district, it may reasonably be concluded that they sought relief mandating the appropriate civil service commission, or commissions, of the cities involved to promulgate rules in accordance with R. C. 124.40 for the examination, resignation, appointment, promotion, removal, etc., of those in the competitive classified civil service of the city school district.

Here the facts reveal that the original applicants for positions of employment in the Willoughby-Eastlake City School District were not given examinations, nor were eligibility lists maintained. Also, the civil service commissions have not promulgated rules for the classification of positions in the civil service of the school district, all of such being required of the commissions pursuant to R. C. 124.40.

A complaint filed on behalf of classified civil service nonteaching employees claiming that the civil service commissions have not established rules for examinations, resignations, appointments, promotions, eligibility lists and other requirements of R. C. Chapter 124 relative to employment practices within the school district by which complainants were employed sets forth a cause of action for which a writ of mandamus might issue.

In *State, ex rel. Ohio Assn. of Pub. Sch. Employees, supra* (45 Ohio St. 2d 295), this court reversed a decision of the Court of Appeals for Trumbull County, and held that a writ of mandamus would issue compelling a civil service commission to comply with the requirements of R. C. Chapter 124 generally. We hold that the allegations contained in the second count of this complaint do state a claim in mandamus. The court below erred in dismissing the complaint on this ground.

Appellee Eastlake Civil Service Commission contends that the complaint was properly dismissed for misjoinder of parties, relying on *State, ex rel. Stine,* v. *Atkinson* (1939), 136 Ohio St. 72, and *State, ex rel. Lotz,* v. *Hover* (1963), 174 Ohio St. 380. While appellee raises a significant issue in the present cause, it is raised prematurely.

Regardless of the pleading requirements under prior practice, Civ. R. 20(A) provides, in pertinent part, that: "* * * All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction * * * or series of transactions * * * and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities."

Thus, although the appellants must prove that one of the four appellee civil service commissions is legally responsible for the implementation of civil service procedures within the Willoughby-Eastlake City School District, they need not allege in the complaint which one is responsible. They may plead in the alternative.

Appellees also contend that appellants had an adequate remedy in the ordinary course of the law by an action in declaratory judgment or an appeal to the State Personnel Board of Review. For the reasons expressed in *State, ex rel. Dollison,* v. *Reddy* (1978), 55 Ohio St. 2d 59, 60-61, and *State, ex rel. Ohio Assn. of Pub. Sch. Employees, supra,* at page 298, we find these alternative remedies inadequate.

For the foregoing reasons, the judgment of the Court of Appeals is reversed and the cause remanded for further proceedings in accordance with law.

*Judgment reversed and cause remanded.*

CELEBREZZE, C. J., SWEENEY and DONOFRIO, JJ., concur.

HERBERT and W. BROWN, JJ., concur in the first paragraph of the syllabus.

P. BROWN, J., dissents.

DONOFRIO, J., of the Seventh Appellate District, sitting for LOCHER, J.