THE STATE, EX REL. ALFORD ET AL., APPELLEES;
EVERSON ET AL., APPELLANTS, *v.* WILLOUGHBY CIVIL
SERVICE COMM. ET AL., APPELLEES;
WILLOUGHBY-EASTLAKE BD. OF EDN. ET AL., APPELLANTS.

[Cite as State, ex rel. Alford, v. Willoughby (1981),
67 Ohio St. 2d 260.]

(Nos. 80-1712 and 80-1719—Decided July 15, 1981.)

*Messrs. Lucas, Prendergast, Albright, Gibson, Newman &
Gee, Mr. Peter J. Gee* and *Mr. Robert J. Walter,* for appellees
Alford et al., in case No. 80-1712, and for appellants Everson
et al., in case No. 80-1719.

*Mr. B. Lawrence Allen,* director of law, for appellee
Willoughby Civil Service Commission, in cases Nos. 80-1712
and 80-1719.

*Mr. Theodore R. Klammer,* director of law, for appellee
Eastlake Civil Service Commission, in cases Nos. 80-1712 and
80-1719.

*Messrs. Byron & Cantor, Mr. Barry Byron* and *Mr.
Abraham Cantor,* for appellees Willowick and Willoughby
Hills Civil Service Commissions, in cases Nos. 80-1712 and
80-1719.

*Mr. J. Melvin Andrews,* for appellants Willoughby-East-
lake Board of Education et al., in case No. 80-1712.

*Per Curiam.* These cases are before the court as appeals
of right.

This is the second appeal to this court in which the major
issues presented are the applicability of R. C. Chapter 124, the
civil service law of Ohio, to these nonteaching employees of a
city school district and, if applicable, which civil service com-
mission, or commissions, of the school district would be
charged with carrying out the mandates of this chapter of law.

The relators, all nonteaching employees of the Willoughby-Eastlake city school district, brought this action against the school board and against the civil service commissions of the four municipalities of the school district which have commissions. The relators, David J. Alford, Roger J. Carabotta and Laurence Peters, in the first count of the complaint, claimed that they were employees protected by the civil service laws of Ohio and, as such, that they had been improperly removed from their employment in that the school board had not followed the mandates of R. C. 124.34.

In count two of the complaint, the other relators, Ralph Everson et al., who had not been discharged, requested the Court of Appeals to issue a writ of mandamus ordering the respondents to function in accordance with R. C. Chapter 124, and to perform the duties enjoined upon municipal civil service commissions by that chapter, including the adoption of rules and regulations, testing procedures, and maintenance of eligibility lists for employee of a city school district.

The Court of Appeals dismissed the complaint as to all relators on the ground that the complaint failed to state a claim upon which relief could be granted. The Court of Appeals held that, as to those relators who had been removed, a plain and adequate remedy at law existed by an appeal under R. C. 124.34. The Court of Appeals also dismissed the complaint of the other relators on the basis that these relators sought no remedy from any of the respondents except compliance with R. C. Chapter 124.

Upon appeal, this court reversed the judgment of the Court of Appeals, and remanded.

In the initial appeal to this court, *State, ex rel. Alford,* v. *Willoughby* (1979), 58 Ohio St. 2d 221, we held, as to count one of the complaint, that the requested writ should be issued if appropriate, supportive evidence relating to the improper removal of these relators was submitted on the merits. Accordingly, this court stated, at page 225 in the opinion:

"R. C. 124.34 enjoins the appointing authority, in this instance the board of education, to remove employees in the manner specified therein. The failure to comply with this duty, as alleged in the complaint, would, if proven by relators upon the merits, render the removal void and would entitle the

appellants to a writ commanding reinstatement. See *State, ex rel. Brittain,* v. *Bd. of Agriculture* (1917), 95 Ohio St. 276, 287; *State, ex rel. Bay,* v. *Witter* (1924), 110 Ohio St. 216, 223."

Upon remand to the Court of Appeals, it was stipulated by the parties that the three terminated relators were in the classified civil service under R. C. Chapter 124, and that the board of education did not comply with R. C. 124.34 when terminating them. The Court of Appeals, upon remand, reinstated relators Alford, Carabotta and Peters, and ordered that they be restored to full accredited seniority, and be reimbursed with full back pay subject to mitigating evidence. Upon stipulation of the parties, the amounts due and owing to each of these relators were agreed upon and the court thereafter entered an order in accordance therewith.

In the first appeal to this court relative to the relators' second cause of action, we held, in the second paragraph of the syllabus in *State, ex rel. Alford,* v. *Willoughby, supra,* as follows:

"A complaint filed on behalf of classified civil service nonteaching employees claiming that the civil service commissions have not established rules for examinations, resignations, appointments, promotions, eligibility lists and other requirements of R. C. Chapter 124 relative to employment practices within the school district by which complainants were employed sets forth a cause of action for which a writ of mandamus might issue."

The issuance of such a writ was, according to our prior opinion, to be dependent upon the relators showing the clear responsibility and legal duty upon one or the other of the municipal civil service commissions included within the city school district to carry out the mandates of R. C. Chapter 124.

The matter was submitted to the Court of Appeals upon a stipulation of certain facts basically concerning population, property tax revenues, number and location of school buildings, number of students attending class in each school, number of school district employees working in each of the municipalities in the district, etc. These facts show that the area of the Willoughby-Eastlake city school district is approximately 31 square miles with a student enrollment of approximately 12,174 students, as of October 1978, in its 21 school

buildings. The territory of the Willoughby-Eastlake city school district is composed of the city of Eastlake, 97.3 percent of the territory of the city of Willoughby, the city of Willowick, the city of Willoughby Hills, the village of Timberlake, approximately 24 percent of the village of Waite Hill, and the village of Lakeline. The cities of Willoughby, Eastlake, Willowick, and Willoughby Hills have civil service commissions.

The city of Eastlake has the largest percentage of the school district's assessed tax valuation (40 percent according to the 1978 assessed valuation), as well as the greatest student enrollment (5,766) and number of classrooms (269).

The administrative offices of the school district are located in the city of Willoughby which has the greatest estimated value for existing school buildings ($17,881,070). The greatest number of work-reporting locations are located in the city of Eastlake (233), followed closely by the city of Willoughby (197).

Real property tax revenues to the school district are greatest in the city of Eastlake ($5,941,916.90), while the city of Willoughby has the highest personal property tax revenues in the school district ($1,631,244.91).

The 1970 United States Bureau of Census population figures show the city of Willowick has the largest population in the school district (21,239), while Lake County Planning Commission projections indicate the city of Eastlake has assumed that position as of 1975.

It appears that the Court of Appeals, in reviewing such facts as they would apply to an action seeking a writ of mandamus, concluded that there were no overriding facts by which it could determine which civil service commission has jurisdiction and would be legally responsible for the implementation of the civil service procedures in the city school district as required by law. The court stated in its decision:

"It is our conclusion that there is no statute which directly or by interpretation vests jurisdiction in a specific municipal civil service commission in a multi-city school district.

"Count two of relators' complaint is denied for the reason that relators have failed to prove what public agency or officer has a clear legal duty to act as requested by relators."

There is no question here that the school district involved

in this matter is a city school district, as defined in R. C. 3311.02.

The decision of the Court of Appeals relative to the first cause of action in relators' complaint must be affirmed based upon our prior holding that R. C. 124.11(B) places employees of city school districts within the classified civil service unless properly exempted therefrom by a civil service commission pursuant to R. C. 124.11(A)(12), which latter exemption had not been accomplished here. In this instance, there are seven governmental entities located totally or partially within this school district. There is no distinction to be found in the applicable sections dealing with civil service between city school districts composed of only one city, and a city school district composed of a number of cities. All would be controlled by the same law contained in R. C. Chapter 124.

The determination that these employees of the city school district are lawfully within the purview of civil service status, pursuant to R. C. Chapter 124, is the lesser of the problems presented. The thorny issue presented, not only to the board of education and the various municipal civil service commissions, but also to the reviewing courts, is what entity or entities, if any, are charged with the responsibility under the law for implementing the requirements of these sections of law.

As previously noted, the statute is silent on which commission in a multi-city school district should have the obligation to implement the civil service laws.

We had hoped that upon remand certain agreement would be arrived at in order to accommodate such implementation, but such has not come to pass. The Court of Appeals, after a review of the stipulations of fact, and further review of the pertinent sections of law, concluded that the relators had not made a case which clearly showed the responsibility of any one of the municipal civil service commissions to implement the civil service laws within this school district. The court accordingly denied the writ.

We cannot disagree with the Court of Appeals in this regard. The facts presented to the Court of Appeals do not present a clear mandate to any of the civil service commissions to initiate civil service procedures. Nor is there any law that we can find which would require, or even permit, the Wil-

loughby-Eastlake Board of Education to proceed to implement such civil service laws in the absence of one or the other of the commissions.

The Court of Appeals did not err in refusing to grant the writ of mandamus here. Parenthetically, we desire to make commentary upon that which was sought by the relators in issue two of this action. First, it is obvious that legislative clarification of laws relating to the responsibilities for the implementation of civil service laws in multi-city school districts is necessary. However, the relators are not without a remedy to obtain compliance with the civil service laws within this district. The present laws provide for such a situation. R. C. 124.40, providing for municipal civil service commissions, provides, in pertinent part, that:

"* * * If any such municipal civil service commission fails to prepare and submit such rules and regulations in pursuance of this chapter, the board [state personnel board of review] shall forthwith make such rules. * * *"

Also, R. C. 124.07 provides, in pertinent part, that:

"The director of administrative services may enter into an agreement with any municipal corporation or other political subdivision to furnish services and facilities of the department of administrative services in the administration of its merit program. Such agreement between the director of the department of administrative services and any municipal corporation or other political subdivision shall provide that the department of administrative services shall be reimbursed for the reasonable costs of such services and facilities as determined by the director of the department of administrative services."

Further compliance may be effected here by way of an additional provision of R. C. 124.07, as follows:

"In counties of the state in which are located cities having municipal civil service commissions, the director may designate the municipal civil service commission of the largest city within such county as his agent for the purpose of carrying out such provisions of sections 124.01 to 124.64 of the Revised Code, within said counties, as the director designates. Each municipal civil service commission designated as agent of the director shall, at the end of each month, render an itemized statement to the director of the cost incurred by such commis-

sion for work done as agent of the director and the director shall, after approving such statement, pay the total amount thereof to the treasurer of such municipal corporation in the same manner as other expenses of the department of administrative services."

The present law also provides for the appropriate funding of the costs of providing civil service law implementation by municipal civil service commissions for city school districts. R. C. 124.54 provides as follows:

"Where municipal civil service commissions act for city school districts of the cities for which they are appointed, the boards of education of such city school districts may, by resolution, appropriate each year, to be paid into the treasury of such city, a sum sufficient to meet the portion of the board of education's cost of civil service administration as determined by the ratio of the number of employees of such board in the classified service to the entire number of employees in the classified service in all political divisions administered by such commissions."

Therefore, there are other remedies at law for the relators, and the Court of Appeals did not err as to its denial of the writ relative to the second cause of action contained in the complaint.

Based on the foregoing, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., SWEENEY, LOCHER, HOLMES and C. BROWN, JJ., concur.

W. BROWN and P. BROWN, JJ., concur in the judgment.