**PROPST, Exr., Appellant,**

v.

**HEALTH MAINTENANCE PLAN, INC., d.b.a. Health Maintenance Plan, et al., Appellees.**

[Cite as *Propst v. Health Maintenance Plan, Inc.* (1990), 64 Ohio App.3d 812.]

Court of Appeals of Ohio,
Hamilton County.

No. C–890082.

Decided May 16, 1990.

*Condit & Dressing Co., L.P.A., Charles T. Lester, Jr.* and *James J. Condit,* for appellant.

*Rendigs, Fry, Kiely & Dennis, Frederick Brockmeier* and *Thomas Evans,* for appellees.

---

*Per Curiam.*

The plaintiff-appellant has taken the instant appeal from the order of the trial court granting the appellees' motion to dismiss.[1] For the reasons which follow, the judgment of the trial court is affirmed.

On August 19, 1988, the plaintiff, Shelby J. Franklin (now deceased), filed a complaint against the defendants alleging that they were negligent in failing to diagnose and treat her cancer. The named defendants included two physicians, Pamela Werner and Steve Guy, and two corporations, appellees Community Mutual Insurance Company and Health Maintenance Plan, Inc. The latter two are health maintenance organizations doing business in Ohio pursuant to R.C. 1742.01 *et seq.* Defendant Werner filed a motion to change the venue of the proceeding to Montgomery County. The corporate defendants subsequently moved to dismiss the plaintiff's complaint against them on the grounds that the plaintiff failed to state a claim upon which relief could be granted. Prior to the trial court's ruling on either motion, the plaintiff passed away and her son, Bryon Keith Propst, was substituted as plaintiff in the case.

On February 1, 1989, the trial court granted the corporate defendants' motion and they were dismissed from the pending action. The following day, Werner's motion was also granted and the venue of the case was changed to Montgomery County. The plaintiff filed a notice of appeal and subsequently moved for a stay of the order transferring the proceedings to Montgomery County. The motion was granted by both the trial court and this court.

In his first assignment of error, the plaintiff alleges the trial court erred in granting the motion to dismiss filed by the corporate defendants. This assignment is overruled.

---

1. Plaintiff also attempts to appeal the order of the trial court granting defendant Werner's motion for a change of venue. However, a change-of-venue order is not a final appealable order. *State, ex rel. Starner, v. DeHoff* (1985), 18 Ohio St.3d 163, 18 OBR 219, 480 N.E.2d 449; *Roger Sales, Inc. v. Analog Devices* (Aug. 25, 1988), Franklin App. No. 83AP–475, unreported. Thus, our jurisdiction to hear this case is founded solely upon the order of the trial court granting the appellees' motion to dismiss.

■ In a motion to dismiss under Civ.R. 12(B)(6), the material allegations of the complaint are taken as admitted, *State, ex rel. Alford, v. Willoughby Civ. Serv. Comm.* (1979), 58 Ohio St.2d 221, 12 O.O.3d 229, 390 N.E.2d 782, appeal after remand (1981), 67 Ohio St.2d 260, 21 O.O.3d 163, 423 N.E.2d 457, and in order for an appellate court to affirm a dismissal, "it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus (following *Conley v. Gibson* [1957], 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80).

In her complaint, the plaintiff alleged that the corporate defendants made arrangements for her to become a patient of Dr. Werner and Dr. Guy. Further, the plaintiff contended that because of negligent and substandard acts on the part of the physicians as well as the corporate defendants, her cancer was not diagnosed or treated at an early stage. Only after the plaintiff sought the advice of another physician was her cancer discovered.

■ The trial court found that the corporate defendants were authorized health maintenance organizations and, as such, could not be considered to be practicing medicine (R.C. 1742.30). Accordingly, it held that the corporate defendants could not be liable for the physicians' alleged medical negligence. Based on the complaint before us, we find the trial court's reasoning to be sound. Since the corporate defendants do not practice medicine, they may not be held liable under a complaint which sounds in medical malpractice. Accordingly, the plaintiff's first assignment is overruled.

In her second assignment of error, the plaintiff alleges the trial court abused its discretion in granting the motion for a change of venue.

■ Upon review of the plaintiff's notice of appeal, it is apparent that she is attempting to appeal two separate orders of the trial court: the order granting the corporate defendants' motion to dismiss (February 1, 1989) and the order granting defendant Werner's motion for a change of venue (February 2, 1989). As we stated above in footnote one, the trial court's order granting Werner's motion is not a final appealable order and is not properly reviewable at this time. Thus, we are unable to reach this issue in the present appeal.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

UTZ, P.J., DOAN and HILDEBRANDT, JJ., concur.