MCVETTA, APPELLANT, *v.*
TOTIN, CLERK, ET AL., APPELLEES.

(No. 89-L-14-107—Decided September 14, 1990.)

*Fred E. McVetta, pro se.*
*Steven C. LaTourette,* prosecuting attorney, and *Michael P. Brown,* for appellees.

MAHONEY, J. The appellant, Fred E. McVetta, appeals from the trial court's dismissal of his complaint.

On March 28, 1989, the appellant filed a complaint against the appellees, Andy J. Totin, Clerk of Courts, and "all other 'John Doe' defendants whose identity is unknown but whom [*sic*] would be defendants if their identities were known." The complaint alleged, *inter alia,* that the appellees were negligent in failing to transmit a complete and accurate record on appeal in *State* v. *McVetta* (Jan. 3, 1989), Lake App. No. 13-059, unreported, wherein appellant appealed his conviction of aggravated drug trafficking.

On April 7, 1989, the appellees filed a motion to dismiss the case pursuant to Civ. R. 12(B)(6) and a motion to strike from the complaint any references to the John Doe defendants pursuant to Civ. R. 12(F). Appellant filed his motion in opposition on May 3, 1989.

On June 8, 1989, the trial court granted appellee's motion to dismiss, and thereby the motion to strike was rendered moot. Based on App. R. 9(B) and *Columbus* v. *Hodge,* (1987), 37 Ohio App. 3d 68, 523 N.E. 2d 515, the trial court found that "the appellant, not the clerk of courts, has the duty of ensuring the completeness of the transcript for appeal."

Appellant has filed a timely notice of appeal, setting forth the following assignment of error:

"The trial court erred in granting the appellees' motion to dismiss because the appellant's complaint stated a claim upon which relief can be granted."

The appellant argues that the trial court erred in granting appellees' Civ. R. 12(B)(6) motion to dismiss when appellant alleged facts in the complaint stating a claim upon which relief can be granted.

The appellant alleged that the appellees were negligent in not properly compiling and transmitting the record on appeal of his criminal conviction, to-wit: appellees failed to transmit a transcript of the suppression hearing which was transcribed by the court reporter and on file with the clerk of courts at the time that appellant filed a notice of appeal.

In construing a Civ. R. 12(B)(6) motion to dismiss for failure to state a claim, the court must presume that all factual allegations of the complaint are true and all reasonable inferences must be made in favor of the plaintiff. *Mitchell* v. *Lawson Milk Co.* (1988), 40 Ohio St. 3d 190, 192, 532 N.E. 2d 753, 756; *State, ex rel. Alford,* v. *Willoughby* (1979), 58 Ohio St. 2d 221, 223, 12 O.O. 3d 229, 230, 390 N.E. 2d 782, 785.

We affirm the trial court but not based on Civ. R. 12(B)(6). Although not addressed by the trial court or raised by either party, this appeal may be disposed of under R.C. Chapter 2744. Even if appellant's contention, that the clerk of courts was negligent in transmitting the record on appeal, is correct, R.C. 2744.02 grants appellees sovereign immunity from liability. Therefore, the trial court did not err in dismissing appellant's complaint.

R.C. Chapter 2744 was enacted in 1985 in response to the Supreme Court's complete abrogation of sovereign immunity in a series of decisions including *Haverlack* v. *Portage Homes, Inc.* (1982), 2 Ohio St. 3d 26, 2 OBR 572, 442 N.E. 2d 749; *Enghauser Mfg. Co.* v. *Eriksson Engineering Ltd.* (1983), 6 Ohio St. 3d 31, 6 OBR 53, 451 N.E. 2d 228; and *Zents* v. *Bd. of Commrs.* (1984), 9 Ohio St. 3d 204, 9 OBR 516, 459 N.E. 2d 881. For an in-depth discussion of sovereign immunity in Ohio, see Judge Whiteside's well-written opinion in *Blankenship* v. *Enright* (Apr. 12, 1990), Franklin App. No. 89AP-1214, unreported.

R.C. 2744.02(A)(1) provides:

"For the purposes of this chapter, the functions of political subdivisions are hereby classified as governmental functions and proprietary functions. Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to persons or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function."

"Political subdivision," as defined in R.C. 2744.01(F), includes counties. R.C. 2744.01(B) defines "[e]mployee" as an "officer, agent, employee, or servant, whether or not compensated or full-time or part-time, who is authorized to act and is acting within the scope of his employment for a political subdivision. * * * 'Employee' includes any elected or appointed official of a political subdivision. * * *" Thus, the Lake County Clerk of Courts and his employees and agents are covered by R.C. Chapter 2744 and are immune from liability as provided in the statute.

Employees of a political subdivision performing governmental functions, which include but are not limited to "judicial, quasi-judicial, prosecutorial, legislative, and quasi-legislative functions" (R.C. 2744.01

[C][2][f]), are totally immune from liability pursuant to R.C. 2744.03(A)(6) unless one of the following three listed exceptions applies:

"(a) His acts or omissions were manifestly outside the scope of his employment or official responsibilities;

"(b) His acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner;

"(c) Liability is expressly imposed upon the employee by a section of the Revised Code."

Employees of a political subdivision may be liable for negligent acts in their performance of a "proprietary function" as defined by R.C. 2744.01 (G)(1) and as provided by R.C. 2744.02(B)(2).

Traditionally, the filing of the record on appeal or some other clerical/record keeping task would have been characterized as a ministerial act for which political subdivisions were held liable when their employees negligently carried out their duties. However, R.C. Chapter 2744 changed this prior common law:

"In effect, the new statutory law abolished one of the oldest recognized claims against a political subdivision: liability for ministerial acts negligently performed by employees of the political subdivision and relieved the employee from liability for such acts as well. Under recent common law, liability would attach either to the political subdivision or the employee, or both, for negligence in performing ministerial acts. Under R.C. Chapter 2744, neither is liable absent some special circumstance." *Blankenship, supra,* at 6.

In analyzing the negligent omission of the clerk of courts to withdraw a capias, the *Blankenship* court concluded:

"Even though that section specifically states that it is not all-inclusive, the negligent omission of the clerk of courts does not fit within the parameters of the 'proprietary' acts. The act of recording a capias and docketing it accordingly is properly classified (under either the common or the statutory law) as being governmental. R.C. 1907.20(A) provides that accurately keeping such records is a duty imposed upon the clerk of courts. Thus, pursuant to R.C. 2744.01(C) (1)(a), this is clearly a 'governmental' function.

"Therefore, pursuant to R.C. 2744.02, plaintiff, as a matter of law, does not have a claim for relief against defendant Franklin County. The act complained of not being properly classified as a 'proprietary' act under R.C. 2744.01(G), there can be no liability pursuant to R.C. 2744.02(B)(2). Furthermore, as set forth previously, agents and employees are absolutely immune for the negligent acts or omissions which are not manifestly outside the scope of their employment or done with malicious purpose or in a reckless manner. See R.C. 2744.03(A)(6)." *Id.* at 7.

Likewise, in the instant case, the alleged negligent failure of the appellees to transmit the record on appeal cannot be characterized as a "proprietary" function which would result in liability. Pursuant to App. R. 10(B), the clerk of courts has a duty to transmit the record on appeal and, therefore, under R.C. 2744.01(C)(1)(a) and 2744.01(D)(2)(f), this duty is clearly a "governmental" function. Appellees are, therefore, immune from liability unless the three exceptions listed in R.C. 2744.03(A)(6), *supra,* apply.

After reviewing the record, we find that these three exceptions do not apply. Appellant's complaint sounds in negligence and does not allege that any acts were malicious, wanton, reckless or in bad faith, and appellees were acting within their official duties pursuant

to App. R. 10(B). Finally, we are unable to find liability expressly imposed elsewhere in the Revised Code. Accordingly, we affirm the trial court's decision based on the statutory immunity of the appellees.

For the foregoing reasons, appellant's assignment of error is without merit, and the judgment of the trial court is affirmed.

In view of the foregoing opinion of the court, appellees' motion for App. R. 23 sanctions is overruled.

*Judgment accordingly.*

CHRISTLEY, P.J., and FORD, J., concur.