**SIMMONS, Appellant, et al.,**

v.

**HERTZMAN et al., Appellees.**

[Cite as *Simmons v. Hertzman* (1991), 71 Ohio App.3d 139.]

Court of Appeals of Ohio,
Hamilton County.

No. C–900104.

Decided Feb. 20, 1991.

*Gates T. Richards Co., L.P.A.,* and *Gates T. Richards,* for appellant.

*Lindhorst & Dreidame* and *John A. Goldberg,* for appellees.

*Per Curiam.*

The plaintiff-appellant, Harriet A. Simmons, mother of April Lynnette Simmons, a minor, appeals from the trial court's order granting the defendants-appellees' motion to dismiss a medical claim asserted on behalf of her daughter. In challenging the trial court's order, she contends that the allegations of her daughter's economic loss from birth abnormalities resulting from defendants' negligently performed vasectomy upon her father, as set forth in her complaint, sufficiently state a claim upon which relief can be granted. We disagree and conclude that the order of the trial court should be affirmed.

On November 23, 1983, the parents of April Simmons filed a medical malpractice action against defendant Bernard L. Hertzman, a physician, alleging that he negligently performed a vasectomy on plaintiff Palmo Lee Simmons. They also alleged that as a result of Dr. Hertzman's negligence, April Simmons was born on July 9, 1983, with abnormalities requiring extensive medical care. In May 1985, the parents amended their complaint, adding Asher O. Hoodin, M.D., and Hoodin, Levi and Associates, Inc., as party-defendants to the lawsuit. The newly added parties moved to dismiss the complaint because the parents had failed to file the action within the statute of limitations. The trial court denied the motion as to the claims asserted by the mother individually and on behalf of April, but granted the motion as to the father's claim. Defendants, thereafter, filed a motion to dismiss the claim asserted on behalf of April on the ground that the allegations failed to state a medical claim against them. The trial court granted their motion, and the mother now appeals.

Harriet Simmons's sole assignment of error is that the trial court erred in granting the defendants' motion to dismiss filed pursuant to Civ.R. 12(B)(6). She contends that the trial court incorrectly characterized the claim asserted on behalf of her daughter as one for wrongful life,[1] when, in fact, the complaint asserted a medical negligence claim against the defendants seeking present and future medical expenses to compensate for congenital birth abnormalities.

When reviewing a motion to dismiss under Civ.R. 12(B)(6), the trial court must assume that all material allegations of the complaint are admitted.

---

1. A suit for wrongful life is generally initiated by a child claiming damages due to the negligent failure of a physician to sterilize one of his or her parents. *Johnson v. University Hosp. of Cleveland* (1989), 44 Ohio St.3d 49, 540 N.E.2d 1370.

*State, ex rel. Alford, v. Willoughby Civil Serv. Comm.* (1979), 58 Ohio St.2d 221, 12 O.O.3d 229, 390 N.E.2d 782, appeal after remand (1981), 67 Ohio St.2d 260, 21 O.O.3d 163, 423 N.E.2d 457. For an appellate court to affirm a dismissal ordered pursuant to Civ.R. 12(B)(6), "it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien v. University Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus.

The operative facts of the complaint, and specifically paragraphs five, six, seven and eight, belie the defendants' argument that the claim is for wrongful life. Rather, damages are sought for April's present and future medical expenses related to genetic birth abnormalities because of the negligently performed vasectomy on her father. Even when viewed in this light, however, the allegations are not sufficient to survive defendants' motion to dismiss. "To establish actionable negligence, one must show in addition to the existence of a duty, a breach of that duty and injury resulting proximately therefrom." *Mussivand v. David* (1989), 45 Ohio St.3d 314, 318, 544 N.E.2d 265, 270. The facial infirmity in the complaint, as we see it, is the absence of a sufficient allegation of proximate cause, which is reflected by the failure to recite any facts under which it might conceivably be demonstrated that the injury sustained was the natural and probable consequence of the negligence alleged. See *Jeffers v. Olexo* (1989), 43 Ohio St.3d 140, 539 N.E.2d 614.

Here, April's birth abnormalities cannot in any way be limited to a "natural and probable consequence" of the alleged negligence of the doctor who performed the sterilization procedure on April's father. The doctor's negligence, if any, necessarily occurred prior to conception and cannot be related to the genetic abnormalities for which damages are sought. Furthermore, there is no allegation that the defendants improperly administered or prescribed medication for her father or that their conduct altered his genetic patterns so as to give rise to the sort of birth defects found in the Bendectin line of cases. See *Merrell Dow Pharmaceuticals, Inc. v. Thompson* (1986), 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed.2d 650.

Upon our examination of the complaint, we conclude that Harriet Simmons could prove no set of facts entitling her to recovery on her daughter's behalf, and that the trial court correctly granted the defendants' motion to dismiss under Civ.R. 12(B)(6).

The judgment of the trial court is, therefore, affirmed.

*Judgment affirmed.*

UTZ, P.J., KLUSMEIER and GORMAN, JJ., concur.