Holmes, J.,
dissenting. I respectfully dissent because I believe that the court of appeals was without jurisdiction to consider appellant’s complaint seeking a writ of mandamus.
Before a writ of mandamus will be granted by the court, the relator must establish three essential elements: “(1) that [he has] a clear legal right to the relief prayed for, (2) that respondents are under a clear legal duty to perform the acts, and (3) that [relator has] no plain and adequate remedy in the ordinary course of the law.” (Emphasis added.) State ex rel. Natl. City Bank v. Cleveland Bd. of Edn. (1977), 52 Ohio St.2d 81, 84, 6 O.O.3d 288, 290, 369 N.E.2d 1200, 1202. “A complaint in mandamus states a claim if it alleges the existence of the legal duty and the want of an adequate remedy at law with sufficient particularity so that the respondent is given reasonable notice of the claim asserted.” State ex rel. Alford v. Willoughby Civ. Serv. Comm. (1979), 58 Ohio St.2d 221, 224, 12 O.O.3d 229, 230, 390 N.E.2d 782, 785.
In reaching its decision, the majority failed to appreciate the significance of the prerequisite to mandamus that the relator have no plain and adequate remedy in the ordinary course of law.[1] Under the facts of the instant case, appellant clearly had available to him other adequate means of relief in the court of common pleas. Suits are commonly brought there by vendors who *552 seek to overturn the bidding process of a public authority, and this they seek to do through the mechanisms of temporary and permanent injunctive relief.
In his original complaint filed in the court of appeals, appellant sought alternative forms of relief: (1) a court order causing the Guernsey County Board of Commissioners to award his business the construction contract, or (2) a court order “to make [him] whole for all wages, benefits, interest and/or profits thereon that he has lost as a result of [the] Board’s refusal to award him * * * [that contract].” The plain thrust of appellant’s first claim for relief, stripped of artful framing, was in the nature of injunctive relief. An injunction provides a party with equitable relief under extraordinary circumstances where there exists no adequate remedy at law. Haig v. Ohio State Bd. of Edn. (1992), 62 Ohio St.3d 507, 510, 584 N.E.2d 704, 707. “It is not available as a right but may be granted by a court if it is necessary to prevent a future wrong that the law cannot.” Garono v. State (1988), 37 Ohio St.3d 171, 173, 524 N.E.2d 496, 498. Mandamus, a coercive writ, which compels performance of a duty, is distinguishable from the equitable relief of an injunction:
“There is a substantial difference between commanding and forbidding action. It has been well stated that the important feature of the writ of mandamus which distinguishes it from any other remedial writ is that it is used merely to compel action and to coerce the performance of a pre-existing duty. The functions of an injunction are ordinarily to restrain motion and enforce inaction, while those of mandamus are to set in motion and compel action.” State ex rel. Smith v. Indus. Comm. (1942), 139 Ohio St. 303, 306, 22 O.O. 349, 351, 39 N.E.2d 838, 839.
What appellant actually sought was to contest a contract already awarded to a successful bidder. His action was not merely one claiming a legal right; it sought rescission of a prior agreement. As this court previously stated in State ex rel. Pressley v. Indus. Comm. (1967), 11 Ohio St.2d 141, 40 O.O.2d 141, 228 N.E.2d 631, paragraph four of the syllabus:
“Where a petition filed in the Supreme Court or in the Court of Appeals is in the form of a proceeding in mandamus but the substance of the allegations makes it manifest that the real object of the relator is for an injunction, such a petition does not state a cause of action in mandamus and since neither the Supreme Court nor the Court of Appeals has original jurisdiction in injunction the action must be dismissed for want of jurisdiction.”
In cases factually similar to the instant appeal, this court has held that mandamus will not lie to control the exercise of discretion of a board of county commissioners in awarding construction contracts because the relator has an adequate remedy by way of injunction. State ex rel. Roger J. Au & Son, Inc. *553 v. Studebaker (1963), 175 Ohio St. 222, 24 O.O.2d 309, 193 N.E.2d 84 (“This court will ordinarily, in the exercise of its discretion, deny a writ of mandamus where the relator has a plain and adequate remedy in the ordinary course of law, including an equitable remedy.” Id.); State ex rel. Al Monzo Constr. Co., Inc. v. Warren Bd. of Control (1961), 172 Ohio St. 370, 16 O.O.2d 220, 176 N.E.2d 427. Accord State ex rel. Cotleur v. Cleveland Hts. Bd. of Edn. (1960), 171 Ohio St. 335, 14 O.O.2d 7, 170 N.E.2d 845.
Since appellant’s complaint sought to prevent an action rather than compel performance of a legal duty, the court of appeals was without jurisdiction to rule on the merits of the action. Accordingly, because appellant could have brought his action in the court of common pleas as an action seeking temporary and permanent injunctive relief, appellant had a plain and adequate remedy in the ordinary course of law. A court presented with a complaint in mandamus errs when it premises jurisdiction on the relator’s designation of the action without examining the essence of the demand.
Moreover, it is evident from even a very cursory review of appellant’s second claim for relief that it was a claim for damages and thus outside the appellate court’s limited jurisdiction in mandamus. Such claim was more properly the concern of a trial court where a factfinder could weigh the evidence and credibility of witnesses in arriving at a monetary award. It is plain from the record that all of the issues raised are controverted and require weighing of credibility and evidence. The basic issue is whether and to what extent appellant is owed any duty whatsoever. This being so, the matters raised were properly the province of a court of common pleas.
Accordingly, I would affirm the court of appeals’ dismissal of the action.
Wright, J., concurs in the foregoing dissenting opinion.

. See R.C. 2731.05: “The writ of mandamus must not be issued when there is plain and adequate remedy in the ordinary course of the law.”