OPINION
{¶ 1} Roderick Brown appeals from his conviction in the Dayton Municipal Court of Obstructing Official Business, Resisting Arrest, and four counts of failing to register his dogs. Brown's convictions were pursuant to his no contest pleas.
 {¶ 2} The facts underlying this appeal are set out in the State's brief and are not seriously in dispute.
 {¶ 3} On March 20, 2003, at approximately 8:29 p.m., Dayton Police Officers Jose Hernandez and Lyn Dunkin were dispatched to 4314 Free Pike, in Dayton, in response to a child abuse complaint. The officers were instructed to meet the complaining witness, Lakeisha J. Brown, at 4109 Copeland Avenue, in Dayton. Ms. Brown told the officers that her parents had beaten her because she had not done her chores and her home did not have any running water, a refrigerator, or a bed for her to sleep in.
 {¶ 4} Officers Hernandez and Dunkin transported Ms. Brown back towards the 4314 Free Pike address, when along the way she observed a man and woman who she believed to be her parents walking along Free Pike. Officer Hernandez initiated contact with both individuals and asked them where they lived. Neither individual would respond to the officer's question. Officer Hernandez then asked the male, who was later determined to be the appellant, if he had any identification on him, to which he responded "no." Hernandez was in the process of placing the appellant into the cruiser in order to attempt to identify him when the female, Edna Brown, the mother of Ms. Brown, volunteered that she had disciplined her daughter.
 {¶ 5} Once Edna Brown identified herself to Officer Hernandez, Roderick Brown pushed himself away from the officer and ran northbound across the street. Officer Hernandez ran after the appellant and requested numerous times for him to stop. As the appellant continued to run, Officer Hernandez observed him pull something out of his pocket and dump it in the backyard of 2758 England Avenue. It was later determined that the appellant had thrown two bags of marijuana to the ground.
 {¶ 6} Officer Hernandez was finally able to apprehend the appellant in the backyard of 2758 England Avenue. However, upon apprehension the appellant once again pushed the officer away and actively struggled with him before Officer Hernandez was able to handcuff him. When asked why he ran from the officer, the appellant responded there was a warrant for his arrest. Brown was arrested for obstructing official business, resisting arrest, and the outstanding warrant issued by Moraine. Officer Hernandez cited Brown for four minor misdemeanors for failing to license the dogs that were discovered at his home address on Free Pike. Additionally, Hernandez issued the appellant two minor misdemeanor citations for jaywalking as a result of his fleeing from the officer, and one minor misdemeanor citation for drug abuse, for the bag of marijuana he threw down to the ground at 2758 England Avenue.
 {¶ 7} The appellant was arraigned on the obstructing official business and resisting arrest charges in case numbers 03CRB2538 on March 25, 2003. The case was scheduled for a pretrial before Judge Daniel G. Gehres on April 10, 2003, and subsequently scheduled for a trial to the bench on April 29, 2003. The appellant was scheduled for arraignment on the minor misdemeanor citations in case number 03CRM2590 on March 31, 2003. The appellant failed to appear for the arraignment and a warrant was issued. When the appellant appeared for his pretrial on April 10, 2003, on case No. 03CRB2538, he was notified of the outstanding warrant in case No. 03CRM2590. The appellant personally contacted warrant enforcement officer Mary Kay Thomas that same day, whereupon both the appellant and his case was referred back to Judge Gehres. Judge Gehres withdrew the warrant in case No. 03CRM2590, issued an own recognizance bond, accepted the appellant's not guilty pleas, and consolidated it with case No. 03CRB2538, setting both for trial on April 29, 2003. "PROSECUTOR: I have got a case here, not to change the subject, it's the State of Ohio and City of Dayton v. Roderick Brown, and it's 03 . . . where is the file?
 {¶ 8} "THE COURT: Roderick Brown, and it's case number 03CRM2590 and these minor misdemeanors all appear to be relatedto the charge in case number 03CRB2538, so we will get them allset together.
 {¶ 9} "PUBLIC DEFENDER: Okay. Thank you.
 {¶ 10} "MR. BROWN: Your Honor, I never did receive nothing on the dog things. They never sent me any mail. When I got out of jail, they gave me one paper to come today and I took care of that.
 {¶ 11} "THE COURT: We will get it all put together and get this all worked out.
 {¶ 12} "MR. BROWN: They are not even my dogs.
 {¶ 13} "PUBLIC DEFENDER: Don't talk about the case.
 {¶ 14} "THE COURT: We will get it worked out." (Emphasis added.)
 {¶ 15} The appellant was served with the trial notice and it contained the warning "no continuances will be considered unless requested in writing, filed not less than forty-eight hours before the time set for the trial."
 {¶ 16} Three weeks later the appellant appeared for trial on April 29, 2003, and the following exchange ensued:
 {¶ 17} "PROSECUTOR: The next case is the State v. Roderick Brown, and it's case numbers 03CRM2590 and 03CRB2538. Your Honor, this was scheduled for trial today. The State is ready to proceed but I believe counsel has a motion.
 {¶ 18} "PUBLIC DEFENDER: Yes. After speaking with Mr. Brown, we would be putting on an oral motion for a continuance. I just need additional time to prepare. I have had minimal contact with Mr. Brown in preparation for the trial.
 {¶ 19} "THE COURT: Who's fault is that Mr. Brown?
 {¶ 20} "MR. BROWN: Your Honor, it's about five more additional charges we didn't know about until we came to court today.
 {¶ 21} "THE COURT: What charges are they?
 {¶ 22} "MR. BROWN: Four dog cases they didn't originally charge me with and a drug charge.
 {¶ 23} "MS. HOWARD: Minor misdemeanors.
 {¶ 24} "MR. BROWN: And two jaywalking charges they didn't charge me with.
 {¶ 25} "THE COURT: You knew about this.
 {¶ 26} "MR. BROWN: I knew about the dogs but not the jaywalking and the drug abuse.
 {¶ 27} "THE COURT: You're playing with me.
 {¶ 28} "MR. BROWN: Your Honor, whatever you decide is all right with me but I'm not playing with you.
 {¶ 29} "THE COURT: How can you be in front of me and . . .
 {¶ 30} "MR. BROWN: The first time . . . before, if you will read the charges, your Honor, they had only two charges. It was obstructing official business and resisting. They had a warrant on me for the dogs and they were not put together. They were two separate cases and I went through the Bailiff and it came up to you and I tried to explain to you at the time that the officers had deliberately separated the cases and they were one case.
 {¶ 31} "PROSECUTOR: For the record, they are minor misdemeanors cases and they have to be charged that way.
 {¶ 32} "THE COURT: Yes. I have been here fifteen years and you don't have to tell me that. Let's have a trial. He will be second. Sit down. We will have a trial."
 {¶ 33} In his first assignment, Brown contends the trial court abused its discretion in not granting his continuance motion. Specifically, Brown notes he did not know that all the charges in the two cases would be tried together and he notes he had limited contact with his attorney prior to trial and thus his counsel was unprepared to proceed to trial. He also notes that no prior continuance had been extended to him and there was no evidence he made the motion for purposes of merely delaying the trial.
 {¶ 34} The State argues that Brown clearly knew on April 10, 2003, that the court had consolidated the two cases for trial and that they would be as the court stated "all set together." (Pre-trial at page 2). Also the State argues that Brown's failure to stay in contact with his counsel should not be a basis for continuing the trial and disrupting the trial court's trial docket.
 {¶ 35} The grant or denial of a continuance motion is a matter entrusted to the broad sound discretion of the trial judge. State v. Unger (1981), 67 Ohio St.2d 265. In evaluating the motion, a court should consider the length of the delay requested, whether other continuances have been granted, the inconvenience to the litigants, witnesses, counsel, and court, whether the request is legitimate, and lastly whether the defendant contributed to the circumstance giving rise to the continuance request. Unger, at 67, 68.
 {¶ 36} The continuance motion was filed on the day of trial after the matter had been pending for over a month. The defendant had been informed at the pre-trial conference that the minor misdemeanors had been consolidated for the trial to be conducted nineteen days later. The facts surrounding the offenses were not complicated and there was no indication discovery had not been completed. Defense counsel indicated she had minimal contact with the defendant and when the trial court inquired whether the defendant was at fault for failing to stay in contact with his counsel, the defendant stated he was unaware of the additional charges. The trial court certainly had a basis for concluding that the defendant was "playing" with the court in light of the admonition provided the defendant by the court at the pre-trial that all the matters would be tried together on the scheduled trial date. The defendant has failed to demonstrate to us that the trial court abused its discretion in denying his continuance motion. The first assignment of error is overruled.
 {¶ 37} In his second assignment Brown argues that he was denied due process of law because the trial court refused to grant his continuance motion. For the reasons stated in our resolution of the first assignment, this assignment must also be overruled. Due process requires that an accused be provided timely notice of charges and an opportunity to defend those charges. The trial court was not required to believe the defendant's protestation that he was unaware of the additional charges. The transcript of the April 10 pre-trial suggests otherwise. The second assignment of error is overruled.
 {¶ 38} In his third and fourth assignments, Brown contends he was denied effective assistance of counsel because his counsel was unprepared to try his case. Although the record is not entirely clear why Brown's counsel had minimal contact with Brown prior to trial, it is noteworthy that counsel did not assert she was in any way responsible for the lack of contact with her client. Brown offered no explanation for not contacting his counsel, but merely asserted he was unaware of the additional charges despite being informed of them at the earlier pre-trial.
 {¶ 39} When Brown entered his no contest pleas after some charges were nollied by the prosecutor, counsel made a statement for the record in her client's defense which indicated she was very familiar with the defense Brown might have asserted. She noted that the police officer who chased the client threatened to beat him up if he didn't stop running away from him. She also noted that the dogs were not her client's but belonged to the previous tenant of the house where her client lived. She noted that her client did not know of the jaywalking charges which the prosecutor then agreed to dismiss pursuant to their plea negotiations.
 {¶ 40} There is no evidence that Brown's counsel was unprepared to proceed to trial or that she was in any way ineffective in representing Mr. Brown's interest on the pending charges. The third and fourth assignments of error are overruled.
 {¶ 41} In his last assignment, Brown contends that the judgment was against the manifest weight of the evidence. Specifically, Brown contends the dogs were found by the police in a house that was not his primary residence. The prosecutor stated in support of the no contest plea that four unlicensed dogs were found in the basement of the defendant's home.
 {¶ 42} R.C. 2937.07 provides that a no contest plea to a misdemeanor shall constitute a stipulation that the judge may make a finding of guilt from the explanation of the circumstances of the offense by the complainant or prosecution. In this case, the explanation given by the prosecution supported a finding of guilt on the offenses charged. The fifth assignment of error is overruled.
 {¶ 43} The judgment of the trial court is affirmed.
Grady, J., and Young, J., concur.