By the Court.
 

 A determination of the first defense will dispose of the present controversy. That defense challenges the status of the relator as a provisional appointee in the classified civil service.
 

 Recurring to the stipulation it will be noted that on November 1, 1938, (1) relator was placed upon the payroll, (2) a provisional appointment blank filled out and signed by relator was transmitted to the Civil Service Commission which was informed that his appointment was made effective that same day at the salary stated and (3) the District Supervisor was likewise notified of the employment of relator.
 

 It will be noted further that on November 18, 1938, or eighteen days after relator was placed upon the payroll, the Director of the Department of Liquor Control was notified that the Civil Service Commission had approved the relator for provisional appointment.
 

 Section 486-14, General Code, providing for provisional appointments, reads in part:
 

 “1. Whenever there are urgent reasons for filling a vacancy in any position in the classified service and the commission is unable to certify to the appointing officer, upon requisition by the latter, a list of persons eligible for appointment after a competitive examination, the appointing officer may nominate a person to the commission for non-competitive examination, and if such nominee
 
 shall be certified by the commission as qualified after such non-competitive examination,
 
 he may be appointed provisionally to fill such made after competitive examination * # (Italics ours.)
 

 From the foregoing it will be observed that in
 
 *420
 
 order to consummate a provisional appointment the following- steps are necessary:
 

 (1) The appointing officer’s nomination of a person to the commission for non-competitive examination;
 

 (2) The commission’s certification of such nominee as qualified
 
 after
 
 such non-competitive examination; and
 

 (3) The provisional appointment of the nominee so certified.
 

 In the case at bar the appointment of relator preceded his certification by the commission.
 

 Conceding that a non-competitive questionnaire blank was properly filled out by relator on November 1, 1938, the appointing officer was not notified of approval by the' Civil Service Commission until eighteen days after the appointment was attempted. The subsequent action by the commission did not correct the prior defect.
 

 Section 486-14, General Code, prescribes the procedure to provisionally appoint a person and such appointment can be made only
 
 after
 
 approval by the Civil Service Commission.
 

 A relator does not establish a clear legal right to a writ of mandamus restoring him to his position in the civil service, where he has failed to show a compliance with the laws governing his appointment.
 
 State, ex rel. Stein,
 
 v.
 
 Department of Highways, ante,
 
 252, 24 N. E. (2d), -;
 
 State, ex rel. Brewer,
 
 v.
 
 Smith, ante,
 
 67, 23 N. E. (2d), 836;
 
 State, ex rel. Baird,
 
 v.
 
 Schroy, Mayor,
 
 135 Ohio St., 94, 19 N. E. (2d), 644.
 

 A writ of mandamus will be' denied.
 

 Writ denied.
 

 Weygandt, C. J., Day, Zimmerman, Williams, Matthias and Hart, JJ., concur.
 

 Myers, J., dissents.