By the Court.
 

 It appears that in 1934 relator took a civil service examination for clerk in a state liquor store, that as a result he became seventy-sixth on the eligible list for the district concerned, and that his name was certified to the Department of Liquor Control as being eligible for appointment on three separate certifications of which relator received notice. However, he was never appointed as clerk by the appointing officer from those certifications.
 

 From the time of his employment in December of J 935 relator continued in the status of a laborer upon an hourly salary until October 1, 1936, when he was entered as a provisional clerk at a regular clerk’s monthly salary. On October 10th relator signed and executed a non-competitive examination blank as candidate for provisional appointment and on October 15th that document, which also contained a nomination for
 
 *564
 
 provisional appointment effective October 1, 1936, was received by tbe Civil Service Commission. On October 19,1936, approval of tbe nomination for provisional appointment was entered by tbe commission on tbe face of the document, which also bore tW notation that the appointing officer was notified on November 6,1936.
 

 Relator contends that, under Section 486-13, General Code, he is entitled to a permanent status as clerk. That section requires the appointing officer to “fill
 
 such position
 
 by appointment of one of the three persons certified to him as provided in this act.” (Italics ours.) No proof has been produced to sustain the allegation of the petition that relator was appointed as clerk from the eligible list certified to the appointing officer. As recited in the foregoing statement of facts, the reply pleads merely that relator
 
 was employed
 
 in a clerical capacity but does not allege that he
 
 was appointed
 
 as liquor store clerk. If this were a proceeding in mandamus to reinstate relator to a position as clerk to which he had been appointed from an eligible list and he established his right to such position, a'different question would be before the court.
 

 Furthermore, relator is not entitled to the position of clerk even as a provisional appointee since his appointment in that status preceded his certification by the commission contrary to the provisions of Section '486-14, General Code.
 
 State, ex rel. Lynch,
 
 v.
 
 Taylor, ante,
 
 417, 26 N. E. (2d), 207.
 

 The relator not having demonstrated a clear legal right in himself and a duty imposed by law upon the respondent, a .writ of mandamus will be denied.
 

 Writ denied.
 

 Weygandt, C. J., Day, Zimmerman, Williams, Matthias and Hart, JJ., concur.
 

 Myers, J., dissents.