THE STATE, EX REL. BROWN, APPELLEE, *v.* EAST CLEVELAND
CIVIL SERVICE COMMISSION ET AL., APPELLANTS.

(No. 78-1486—Decded May 30, 1979.)

*Messrs. Lucas, Prendergast, Albright, Gibson, Newman & Gee* and *Mr. W. Joseph Strapp,* for appellee.

*Mr. Henry B. Fischer,* director of law, and *Mr. Warner Jackson,* for appellants.

*Per Curiam.* It is well settled that in order for a writ of mandamus to be issued, the relator must show, *inter alia,* that he enjoys a clear legal right to the relief for which he prays. *State, ex rel. Niles,* v. *Bernard* (1978), 53 Ohio St. 2d 31, 33.

Appellee contends, and the Court of Appeals held, that he was a classified civil service employee, pursuant to R. C. 124.11(B), entitled to specific procedural rights and notices upon termination from employment which the East Cleveland Board of Education failed to provide.

R. C. 124.11(B) provides, in relevant part, that:

"The classified service shall comprise all persons in the employ of the state * * * and city school districts thereof, not specifically included in the unclassified service. * * *"

Appellants argue that the Court of Appeals erred in issuing the writ of mandamus on the grounds that appellee did not prove that he had been appointed from an eligibility list or had taken a competitive or non-competitive examination.

This same argument was presented by the respondents in the case of *State, ex rel. Alford,* v. *Willoughby* (1979), 58 Ohio St. 2d 221, decided this day. In *Alford,* this court reversed the judgment of the Court of Appeals dismissing a complaint in mandamus filed by non-teaching employees of the Willoughby-Eastlake Board of Education against respondent civil service commissions on the grounds that the commissions had not established testing procedures or maintained eligibility lists as required by R. C. Chapter 124. This court held, at page 226, that the respondents "should not be permitted to assert their own neglect of duty in this regard to deny the relators their statutory protection within civil service."

Such facts are not present in the instant cause. The parties have stipulated that the East Cleveland Civil Service Commission has conducted competitive or non-competitive examinations, as requested, and that appellee has failed to take either of such examinations. A similar situation existed in a number of the cases discussed in. *State, ex rel. Alford, supra,* which supports appellants' position:

*State, ex rel. Lynch,* v. *Taylor* (1940), 136 Ohio St. 417; *State, ex rel. Baker,* v. *Wichert* (1953), 159 Ohio St. 50; and *State, ex rel. Stough,* v. *Bd. of Edn.* (1977), 50 Ohio St. 2d 47.

In *Alford,* supra, this court, at page 226, stated the following:

"In *Lynch,* supra, the court stated that the statute controlling the provisional appointment of a person in the classified service provided that the nominee could be certified by the commission as being qualified only after a noncompetitive examination; and, in that the relator had been appointed as a clerk in the department of liquor control prior to his certification by the commission, the provisional appointment was not valid, and the relator could not claim the benefit of civil service protection.

"In *Baker,* supra, the court held that the relatrix, a clerk in an office of the city of Cuyahoga Falls, who had never taken a civil service examination, either competitive or noncompetitive, had no standing as a civil service employee, and was not entitled to the benefits and protection of the civil service law.

"*Stough,* supra, upheld the validity of the contention, in a case 'where properly raised,' that a person who is not properly tested and appointed from a civil service list is not entitled to the protections of civil service.

"We hold that in fact situations such as those found within * * * *Lynch* and *Baker,* supra, the question of whether there was proper testing, or the removal of an individual's name from an eligibility list, may be properly raised."

That question has been properly raised in the cause *sub judice.* As a result, and under the facts as presented, appellee was not entitled to the protections of civil service.

Therefore, we hold that since appellee can not show a clear legal right to the relief requested, the writ of mandamus should not have been issued and the judgment of the Court of Appeals is reversed.

*Judgment reversed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.