THE STATE, EX REL. KABATEK, APPELLANT, *v.*
STACKHOUSE, CUYAHOGA CO. ENGINEER, ET AL., APPELLEES.

(No. 80-1404—Decided April 22, 1981.)

*Mr. Robert D. Holmes,* for appellant.
*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. Jeffrey Posner,* for appellees.

*Per Curiam.* The only issue before this court is whether appellant utilized the proper remedy to obtain back pay, benefits, and reinstatement allegedly due him from the layoff

of October 21, 1977. Mandamus is the proper remedy under these facts. *State, ex rel Hamlin,* v. *Collins* (1981), 65 Ohio St. 2d 63; *State, ex rel. Colangelo,* v. *McFaul* (1980), 62 Ohio St. 2d 200; *State, ex rel. Martin,* v. *Columbus* (1979), 58 Ohio St. 2d 261; *State, ex rel. Osborn,* v. *Jackson* (1976), 46 Ohio St. 2d 41; *State, ex rel. Dean,* v. *Huddle* (1976), 45 Ohio St. 2d 234; *Monaghan* v. *Richley* (1972), 32 Ohio St. 2d 190.

The layoff of appellant on July 6, 1979, and any pending court actions resulting from that layoff, do not have a direct impact on the propriety of mandamus resulting from the layoff of October 21, 1977. Thus, the pending action was improperly considered by the Court of Appeals.

Appellees' allegation that appellant retired retroactively to November 1, 1977, is a factual question to be decided by the Court of Appeals and can be taken into consideration in the granting of back pay, if any, due to appellant.

For the foregoing reason, the judgment of the Court of Appeals is reversed and the cause is remanded for further proceedings.

*Judgment reversed*
*and cause remanded.*

CELEBREZZE, C. J., W. BROWN, P. BROWN, SWEENEY, LOCHER, HOLMES and C. BROWN, JJ., concur.