THE STATE, EX REL. GIBBONS ET AL., APPELLEES, *v.* CITY
OF CLEVELAND ET AL., APPELLANTS.

[Cite as State, ex rel. Gibbons, *v.* Cleveland (1984),
9 Ohio St. 3d 216.]

(No. 83-386—Decided February 22, 1984.)

*Mr. John B. Gibbons,* for appellees.

*Mr. John D. Maddox,* director of law, *Mr. Nick Tomino* and *Mr. Irving Berger,* for appellants.

*Per Curiam.* In order for a writ of mandamus to issue the relators must establish a clear legal right to the relief prayed for; a clear legal duty upon respondents to perform the act requested; and that relators have no plain and adequate remedy in the ordinary course of the law. *State, ex rel. Butler,* v. *Demis* (1981), 66 Ohio St. 2d 123, 124 [20 O.O. 121]; *State, ex rel. Akron Fire Fighters,* v. *Akron* (1978), 54 Ohio St. 2d 448, 450 [8 O.O.3d 443].

Appellants argue that no legal right to back pay can be established before an appointment has occurred, regardless of the reasons for the failure to appoint. We agree.[1]

It is well-settled that mandamus does not lie to compel the granting of benefits conferred by the civil service laws unless it has been established that the employee was appointed to the civil service position in question. *State, ex rel. Lynch,* v. *Taylor* (1940), 136 Ohio St. 417 [16 O.O. 577]; *State, ex rel. Baker,* v. *Wichert* (1953), 159 Ohio St. 50 [50 O.O. 26]; *State, ex rel. Brown,* v. *East Cleveland* (1979), 58 Ohio St. 2d 232 [12 O.O.3d 235]; *State, ex rel. Pennington,* v. *Ross* (1980), 63 Ohio St. 2d 58 [17 O.O.3d 36]. Appellees have no legal right to the salary and benefits incidental to the rank of sergeant prior to their appointment to the position of sergeant.

The cases cited by appellees in support of their claimed right to back pay

---

[1] In view of our determination herein, we need not address the issue of whether, in fact, appellees were entitled to appointment to the position of sergeant as of May 26, 1977.

involve situations where the employees had been properly appointed to their positions before the actions for wrongful exclusion and back pay accrued. See *State, ex rel. Colangelo,* v. *McFaul* (1980), 62 Ohio St. 2d 200 [16 O.O.3d 239]; *State, ex rel. Hamlin,* v. *Collins* (1981), 65 Ohio St. 2d 63 [19 O.O.3d 259]; and *State, ex rel. Kabatek,* v. *Stackhouse* (1981), 66 Ohio St. 2d 64 [20 O.O.3d 58].

Similarly, when a civil service appointment has been compelled by way of mandamus, no concomitant order of back pay was included for the period of time before the employee received his appointment. *State, ex rel. Pell,* v. *Westlake* (1980), 64 Ohio St. 2d 360 [18 O.O.3d 514]; *State, ex rel. Wolcott,* v. *Celebrezze* (1943), 141 Ohio St. 627 [26 O.O. 194].

Accordingly, the judgment of the court of appeals is reversed and the writ is denied.

*Judgment reversed*
*and writ denied.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.