The STATE ex rel. DeMINT

v.

CITY OF CHILLICOTHE et al.

[Cite as *State ex rel. DeMint v. Chillicothe* (1991), 76 Ohio App.3d 315.]

Court of Appeals of Ohio,
Ross County.

No. 1624.

Decided Nov. 15, 1991.

*Henry A. Arnett,* for relator.

*William J. Corzine III,* for respondents.

HARSHA, Judge.

This is an original action filed by David E. DeMint, seeking a writ of quo warranto and a writ of mandamus against the city of Chillicothe, its mayor, its civil service commission, its service-safety director and three women appointed to the position of police officer with the Chillicothe Police Department.

The parties entered into written stipulations of fact in the matter as follows. Chillicothe is a noncharter municipal corporation. Beginning October 7, 1988, there existed an eligibility list for the position of police officer within the Chillicothe Police Department. DeMint ranked third on that list. Karen Cydrus ranked ninth, Twila Goble ranked twenty-second and Christina Alexander ranked twenty-third. Chillicothe had four vacancies within its police department. Cydrus, Goble and Alexander were hired as police officers. DeMint was not. At the time the new police officers were hired, neither Chillicothe nor its police department was under a judicial or administrative order regarding hiring women or minorities.

DeMint has filed a complaint in mandamus and quo warranto with this court. DeMint asserts that Chillicothe did not follow the "rule of three" procedure for hiring as set forth by R.C. 124.27. DeMint further asserts that Chillicothe and its officials attempted to act pursuant to Chillicothe City Ordinance 131.03. This court granted DeMint an injunction preventing Chillicothe from filling the fourth vacancy in the police department until the matter before this court is resolved.

DeMint asks this court to issue a writ of quo warranto holding that Cydrus and Goble are unlawfully holding the position of police officer, removing those officers, and putting DeMint in such position. DeMint also asks this court to issue a writ of mandamus ordering compliance with R.C. Chapter 124 and the "rule of three" in making appointments to the Chillicothe Police Department,

and ordering the respondents to pay DeMint back wages and all other benefits.

Both DeMint and Chillicothe filed motions for summary judgment on both the quo warranto and mandamus actions.

Civ.R. 56(C) provides, in pertinent part, as follows:

"Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."

Summary judgment is appropriate when the following have been established: (1) that there is no genuine issue as to any material facts; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. *Bostic v. Connor* (1988), 37 Ohio St.3d 144, 146, 524 N.E.2d 881, 883; *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47. The burden of showing that no genuine issue exists as to any material fact falls upon the party requesting summary judgment. *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801.

We first turn to DeMint's request for this court to issue a writ of quo warranto. Quo warranto is a limited action designed to prevent a continued exercise of unlawfully asserted authority. R.C. 2733.01. Quo warranto basically asks a court to remove a person from office and replace that person with the petitioner who claims the right to hold that particular office.

The record before us shows that we granted an injunction to DeMint, preventing Chillicothe from filling the fourth vacancy on its police department until this matter is resolved. At the present time the position which DeMint would fill is not occupied. There is no need to remove an individual from the position of police officer in order to put DeMint in her place. Thus, an action in quo warranto will not lie. DeMint's request for such a writ is denied.

We now turn to DeMint's request that this court issue a writ of mandamus. A writ of mandamus will compel a particular official to do a particular act within the scope of his duties as a public official. R.C. 2731.01.

In order to prevail in a mandamus action, a relator must show that he has a clear legal right to the relief prayed for, that the respondent is under a clear legal duty to perform the requested act, and that the relator has no plain and adequate remedy at law. *Patton v. Springfield Bd. of Edn.* (1988), 40 Ohio St.3d 14, 531 N.E.2d 310.

DeMint asks this court to compel the defendants to hire officers for the Chillicothe Police Department in accordance with the "rule of three." That rule is set out succinctly in R.C. 124.27:

"The head of a department, office, or institution, in which a position in the classified service is to be filled, shall notify the director of administrative services of the fact, and the director shall * * * certify to the appointing authority the names and addresses of the three candidates standing highest on the eligible list for the class or grade to which the position belongs * * *.

"The appointing authority shall notify the director of such position to be filled, and he shall fill such position by appointment of one of the three persons certified to him. If more than one position is to be filled, the director of administrative services may certify a group of names from the eligible list and the appointing authority shall appoint in the following manner: beginning at the top of the list, each time a selection is made it must be from one of the first three candidates remaining on the list who is willing to accept consideration for the position. * * * "

DeMint asserts that the defendants, the city, the civil service commission, and the service-safety director, did not comply with either local ordinance No. 131.03 or R.C. 124.90, and that the local ordinance is inconsistent with the state statute.

R.C. 124.90(A) provides:

"Any municipal corporation may, by a two-thirds vote of its legislative authority, waive, suspend, or alter any of the provisions of this chapter as they apply to that municipal corporation if such waiver, suspension, or alteration is necessary for the municipal corporation to comply with any federal law or any rules adopted pursuant to federal law concerning discrimination in employment."

Chillicothe City Ordinance 131.03 provides:

"131.03 ORIGINAL APPOINTMENT WAIVER TO COMPLY WITH FEDERAL DISCRIMINATION LAW.

"In any department which has an under-utilization of any race, sex or ethnic group or where selection procedures have produced or are producing an adverse impact, as defined in the Affirmative Action Plan, on any such groups, *the appointing authority for such department is authorized and directed to apply to the Civil Service Commission for verification of such conditions and upon such verification*, is authorized and directed to select original appointees to classified service positions from the eligible list certified by the Civil Service Commission without restriction to choosing only from the top three candidates, for the sole purpose of reducing such adverse impact or under-utilization." (Emphasis added.)

The above ordinance permits an appointing authority to circumvent the "rule of three," *i.e.*, choosing an appointee from only the top three candidates from an eligibility list. This may be done if the appointing authority applies to the civil service commission for verification that there has been an under-utilization of a particular group and the civil service commission makes such a verification.

While there appears to be no Ohio case law which speaks to the issues of under-utilization of a particular class of persons or preferential treatment in hiring, applicable federal case law does exist. In *Wygant v. Jackson Bd. of Edn.* (1986), 476 U.S. 267, 106 S.Ct. 1842, 90 L.Ed.2d 260, the United States Supreme Court held that there must be convincing evidence, such as administrative, judicial or legislative determinations, that there has been prior discrimination before there can be any preferential treatment. See, also, *Richmond v. J.A. Croson Co.* (1989), 488 U.S. 469, 109 S.Ct. 706, 102 L.Ed.2d 854.

There is nothing in the record before us to indicate that the Chillicothe Service–Safety Director ever applied to the Chillicothe Civil Service Commission for verification that women were under-utilized or discriminated against by the Chillicothe Police Department. Nor is there anything to indicate that such a verification was made by the civil service commission which would have allowed the respondents to hire individuals other than from the top three eligible police officer candidates. DeMint correctly asserts that the respondents did not comply with that ordinance on its face. As a result, the appointments of Cydrus, Goble and Alexander were not in accordance with Chillicothe City Ordinance 131.03. We need not reach DeMint's second argument that the local Chillicothe ordinance is inconsistent with R.C. 124.90, since the city did not comply with the local ordinance on its face. It is readily apparent, based upon the stipulated facts and the city's failure to comply with the ordinance, that DeMint is entitled to summary judgment upon his petition in mandamus.

In addition to the appointment, DeMint prays for back wages and retroactive benefits. Generally, in a mandamus action to compel *appointment,* there can be no award of salary and benefits prior to the actual appointment. *State ex rel. Gill v. Winters* (1990), 68 Ohio App.3d 497, 506, 589 N.E.2d 68, 75, citing *State ex rel. Gibbons v. Cleveland* (1984), 9 Ohio St.3d 216, 9 OBR 526, 459 N.E.2d 892, and *Morgan v. Cincinnati* (1986), 25 Ohio St.3d 285, 25 OBR 337, 496 N.E.2d 468. In *Gibbons,* the Supreme Court held that mandamus does not lie to compel the payment of back pay as no legal right to back pay can be established before an appointment has occurred. See *Gibbons, supra,* 9 Ohio St.3d at 217, 9 OBR at 527, 459 N.E.2d at 893. The holding in *Gibbons* was expressly limited by the holding in *Morgan,* wherein the court held:

"Where a civil service employee shows that a *promotion* to which he was entitled was delayed as the result of actions taken by a municipality in violation of R.C. 124.44, that employee is entitled to recover back pay and seniority for the period of the delay. (*State, ex rel. Gibbons, v. Cleveland* [1984], 9 Ohio St.3d 216 [9 OBR 526, 459 N.E.2d 892], limited.)" (Emphasis supplied.) *Morgan, supra,* syllabus.

In reviewing *Gibbons* and *Morgan,* we find the case *sub judice* to bear greater factual similarity to *Gibbons* than to *Morgan* and thus we deny the requested back pay and retroactive benefits.

In *Morgan,* the Supreme Court stated:

"The factual situation presented in *Gibbons* is entirely different from the case at bar. There, the municipality had enacted certain ordinances which were later declared invalid. Relators had sought back pay for the period of time during which *the city acted in reliance on those ordinances.* Here, on the other hand, the trial court and court of appeals agree that the municipality *actively violated state civil service laws* by impermissibly delaying the competitive examination beyond the time required by R.C. 124.44. In such a case, it would be wholly inequitable to deny an employee the pay and seniority he would have been entitled to had the city not acted in contravention of state law. To hold otherwise would permit municipalities to avoid their legal responsibilities without regard to damages suffered by their employees. *This is particularly true when the municipality's statutory violations are undertaken, as was found here, in bad faith.*" (Emphasis added.) *Morgan, supra,* 25 Ohio St.3d at 289, 25 OBR at 340, 496 N.E.2d at 472.

In the case *sub judice,* there has been no allegation or evidence of bad faith on the city's part. As in *Gibbons,* the city acted in reliance upon an ordinance. Since DeMint has yet to be appointed to the position and, further, as there is no evidence of bad faith in the record, DeMint has no clear legal right to

retroactive pay or benefits. Mandamus will not lie to compel such an award when there is no clear legal right to it.

DeMint's request for the issuance of a writ of mandamus is granted. We order that DeMint be appointed to the position with the Chillicothe Police Department currently being held open by injunction. We deny his prayer for back pay, seniority, and all benefits he claims to be entitled to from the time that his appointment should have taken place until his appointment to the Chillicothe Police Department.

The writ of mandamus is granted as limited above; the writ of quo warranto is denied.

*Judgment accordingly,*

Stephenson, P.J., concurs.

Grey, J., dissents.

Grey, Judge, dissenting.

I concur with the majority opinion except for the issue of back pay, on which I respectfully dissent.

Relator has asked for back pay, seniority rights, and benefits. The leading case on this issue, *Morgan v. Cincinnati* (1986), 25 Ohio St.3d 285, 25 OBR 337, 496 N.E.2d 468, provides in its syllabus:

"Where a civil service employee shows that a promotion to which he was entitled was delayed as the result of actions taken by a municipality in violation of R.C. 124.44, that employee is entitled to recover back pay and seniority for the period of the delay. (*State, ex rel. Gibbons, v. Cleveland* [1984], 9 Ohio St.3d 216 [9 OBR 526, 459 N.E.2d 892], limited.)"

The position of the court is best expressed in the language of the concurring opinion of Justice Holmes, 25 Ohio St.3d at 291, 25 OBR at 342, 496 N.E.2d at 474:

"Compensation generally is not payable to an employee unless and until his right to such compensation is established by appointment, and then only after the effective date of such appointment. This we stated in *Gibbons*. What was not provided for in *Gibbons* was the allowance of a claim by the employee when there is a finding of a refusal to appoint based upon bad faith of the city, or a showing of a conscious, intentional violation of the civil service laws. The judgment in this case fills that void by providing that where the denial of a proper appointment has been occasioned by reasons of maliciousness or bad faith, as alleged, the employee may seek wages and benefits payable and due from the date the appointment should have been made."

Thus, the question of back pay and benefits depends on whether respondents acted in bad faith, and that issue cannot be resolved on this motion for summary judgment.

There is a significant bad faith issue in this case. If DeMint had been passed over for the appointment because he was a black man or because he was a woman, bad faith would be almost irrefutably presumed. Discrimination is discrimination regardless of the status of the person against whom it is done. The majority seems to hold that discrimination against a white male is somehow different from other kinds of illegal discrimination, and that there somehow is good faith discrimination and bad faith discrimination, depending on who suffers from it. I am not able to make that kind of distinction, and thus I dissent.

I emphasize here that I do not reach whether there was, in fact, illegal, bad faith discrimination in this case, but only that I do not see how the issue of bad faith, or the lack of it, can be decided on summary judgment.