DECISION
Dan A. Cesner, appellant, appeals the November 23, 2001 judgment of the Franklin County Court of Common Pleas affirming the determination of the State Personnel Board of Review ("board") that it did not have jurisdiction to hear appellant's appeal of his termination of employment with the Ohio Department of Commerce, Division of Liquor Control ("DOC"), appellee, because appellant was an unclassified employee.
On April 18, 1994, appellant was hired by the Department of Liquor Control as a Deputy Chief of the Beer and Wine section. A personnel action form was signed establishing his employment and designating his position as unclassified. Effective July 1, 1997, pursuant to Section 9, Am.Sub.S.B. No. 162, of the 121st
General Assembly, the Department of Liquor Control ceased to exist and its functions were transferred to the Department of Commerce, Division of Liquor Control. Prior to such, on June 22, 1997, appellant was transferred from the Department of Liquor Control to the DOC. A personnel action form establishing the transfer was created but not signed. After the transfer, appellant continued to work as a Chief of the Beer and Wine section for the DOC.
On November 19, 1999, the DOC terminated appellant's employment. Because the DOC considered appellant an unclassified employee, it did not complete an Order of Removal, which is required by R.C. 124.34 when a classified employee is discharged.
Appellant appealed his removal to the board. On January 27, 2000, the DOC filed a motion to dismiss, asserting that because appellant was an unclassified employee, the board had no jurisdiction to hear appellant's appeal pursuant to R.C. 124.03(A). The motion to dismiss was denied. On June 29, 2000, the DOC filed another motion to dismiss based upon the same grounds. An administrative law judge conducted a hearing to determine the board's jurisdiction over the matter. On November 9, 2000, the administrative law judge issued a report and recommendation in which she determined that because appellant was not a classified employee, the board had no jurisdiction over his appeal. On November 17, 2000, appellant filed his objection to the report and recommendation. On January 25, 2001, the board adopted the report and recommendation and dismissed the appeal for lack of jurisdiction.
On February 8, 2001, appellant appealed the board's decision to the Franklin County Court of Common Pleas, which affirmed the board's decision on November 23, 2001. Appellant appeals this judgment, asserting the following assignment of error:
"THE TRIAL COURT ERRED IN THE JUDGMENT RENDERED ON THE ADMINISTRATIVE APPEAL FROM THE ORDER OF THE STATE PERSONNEL BOARD OF REVIEW BY FAILING TO PROPERLY APPLY THE UNAMBIGUOUS MANDATE SET FORTH IN OHIO REVISED CODE, SECTION 4301.02 IN THAT THE TRIAL COURT APPROVED THE DISMISSAL OF AN UNCLASSIFIED CIVIL EMPLOYEE BY THE DIRECTOR OF THE DEPARTMENT OF COMMERCE, NOTWITHSTANDING SAID DIRECTOR HAD NEVER APPOINTED SUCH EMPLOYEE TO HIS POSITION."
Appellant argues in his assignment of error the trial court erred in affirming the administrative agency's decision dismissing his appeal based upon lack of jurisdiction. Although the board's findings of fact are presumed to be correct, purely legal questions are reviewed de novo by both the common pleas court and this court. Univ. Hosp., Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd. (1992),63 Ohio St.3d 339, 342. Because appellant's argument raises only a question of law, we review the matter de novo.
Appellant claims he was a classified employee, and, thus, the board had jurisdiction to hear the appeal of his termination from DOC. Appellant's reasoning as to why he was a classified employee is as follows. The Department of Liquor Control appointed appellant to his position as an unclassified employee in April 1994. On June 22, 1997, appellant was transferred from the Department of Liquor Control to the DOC. The personnel action form establishing the transfer was created but not signed by the Director of the DOC. R.C. 4301.02
provides that the Division of Liquor Control consists of only deputies and chiefs that the Director of Commerce appoints, and the deputies and chiefs shall serve in unclassified civil service. Because the Director of Commerce did not sign his personnel action form purporting to transfer him to the DOC, appellant claims he was not an unclassified employee.
We disagree with appellant's porous logic. R.C. 4301.02
provides:
"The division of liquor control consists of the superintendent of liquor control appointed by the director of commerce and such deputies, chiefs, agents, and employees as the director of commerce shall appoint to administer the various functions of the division, including but not limited to, the operation of a beer and wine section and the issuance of permits. The deputies and chiefs shall serve in the unclassified civil service." Appellant does not contest that he functioned and performed duties under the title of Chief of the Beer and Wine section at the DOC. R.C. 4301.02
specifically provides that such chiefs serve in the unclassified civil service.
In response, appellant argues that the last sentence in R.C. 4301.02 categorizing chiefs as unclassified civil servants applies only to those properly appointed as "chiefs" and that he was not properly appointed as a "chief" because his transfer was not signed by the Director of Commerce. This reasoning, taken to its logical conclusion, is untenable. If appellant was not appointed as a "chief" and was thus not an unclassified employee, it does not follow that he would be automatically considered classified. As the administrative law judge pointed out, it would be more in line with appellant's argument to conclude that if he were not properly appointed to serve as a "chief," he was, in fact, never an employee of the DOC at all. Thus, the more logical result of appellant's argument would be that he was neither a classified employee nor an unclassified employee. In other words, if the June 22, 1997 personnel action form did not serve to transfer appellant to the DOC as the Chief of the Beer and Wine section, appellant was never an employee of the DOC, and, under those circumstances, he could certainly not appeal his termination from such employment that never existed.
We encountered a similar situation in Mingyar v. Ohio Dept. of Development (Aug. 31, 1993), Franklin App. No. 92AP-1795, involving an error in the signature on a personnel action form. Mingyar concerned R.C. 107.21(B), which required the Director of the governor's office of Appalachian Ohio to appoint employees necessary to fulfill the duties of the office. However, the personnel action form appointing the civil servant to his position and categorizing him as unclassified was signed by the Director of the Ohio Department of Development, instead of the Director of the governor's office of Appalachian Ohio, as required by R.C. 107.21(B).
In Mingyar, we found that although the employee was appointed to his position by the Director of the Ohio Department of Development, it was clear that the Director had no authority to make such an appointment and was not the proper appointing authority under R.C.124.01(D). We stated that inasmuch as the employee was improperly appointed to his position in the first instance, he could not later attempt to demand the benefits of being an employee within the classified service of the state, citing State ex rel. Lynch v. Taylor (1940), 136 Ohio St. 417, overruled on other grounds and State ex rel. Baker v. Wichert (1953),159 Ohio St. 50, overruled on other grounds. We reasoned that because the employee was improperly hired initially, he could not claim to have been prejudiced by the manner in which he was discharged from a position he had no right to hold. Thus, we held that the improper hiring of a state employee does not give one the right to claim the benefits and protection of being in the classified services of the state. In the present case, assuming arguendo that the personnel action form was fatally incomplete without the signature of the proper appointing authority, as appellant argues, we find that the reasoning in Mingyar would prohibit appellant from claiming status as a classified civil servant as to give the board jurisdiction to hear the matter.
We also note alternative grounds for finding that appellant's transfer to the DOC was proper, and, thus, he remained in unclassified service. Even if the personnel action form was not signed, sufficient evidence exists supporting the conclusion that appellant was "appointed" to his position as the Chief of the Beer and Wine section. Ohio Adm. Code 124-1-02(E) defines "appointment" as "placement of an employee in a position." Ohio Adm. Code 124-1-02(S) defines a "position" as "a group of duties intended to be performed by an employee." Clearly, appellant was placed into his position as the Chief of the Beer and Wine section with the DOC. Appellant was accepted by the DOC and served in his position as a chief with the consent of the Director of Commerce. He performed the duties of the Chief of the Beer and Wine section and was paid for such services by the DOC. Given the total circumstances of this case, even if it could not be said that appellant was "appointed" via the unsigned personnel action form, we find appellant was placed in his position of chief with the DOC and performed the proper duties with the approval of the Director of Commerce. Thus, properly holding the position of chief, appellant served in unclassified civil service pursuant to R.C. 4301.02.
In addition, Section 9, Am.Sub. S.B. No. 162 provides, in pertinent part: "Subject to the layoff provisions of sections 124.321 to 124.328 of the Revised Code, all employees of the Department of Liquor Control are transferred to the Division of Liquor Control." Appellant was specifically appointed as an unclassified employee pursuant to the April 18, 1994 personnel action form completed upon his initial hire, and Section 9, Am.Sub. S.B. No. 162 operated to completely transfer his prior duties, obligations, rights, and title from the Department of Liquor Control to the DOC. Thus, because appellant was categorized as an unclassified employee since his initial hire date, and there was no intervening personnel action taken to specifically alter such categorization, appellant's status as unclassified transferred with him when he was transferred as a matter of law to the DOC under the authority of Section 9. Thus, because he was transferred and remained in unclassified civil service, the board had no jurisdiction over the appeal of his termination.
For the forgoing reasons, we find that the trial court did not err in affirming the decision of the board finding that it had no jurisdiction over appellant's appeal of his termination. Therefore, appellant's assignment of error is overruled.
Accordingly, appellant's assignment of error is overruled, and the judgment of the Franklin County Common Pleas Court is affirmed.
Judgment affirmed.
DESHLER and KLATT, JJ., concur.