OPINION *Page 2 
{¶ 1} Relator, John Millington, has filed a Verified Complaint for Writ of Mandamus. Relator seeks the issuance of a writ ordering Respondent to reinstate Relator as a zoning inspector. Respondent, Morrow County Board of Commissioners, has filed a motion to dismiss suggesting Relator has an adequate remedy at law by virtue of the pending appeal in the Morrow County Court of Common Pleas.
 {¶ 2} Relator was employed by Respondent as a classified civil servant as a zoning inspector. On November 21, 2006, Respondent issued an order of removal pursuant to R.C. 124.34 alleging Relator had failed to maintain good behavior. Relator appealed his removal to the State Personnel Board of Review. The Administrative Law Judge recommended the order of removal be disaffirmed due to Respondent's failure to comply with the procedural requirements of O.A.C. 124-03-01-(A)(2). The matter then proceeded to the State Board of Personnel Review (hereinafter "SBPR") which adopted the recommendation of the Administrative Law Judge and disaffirmed the order of removal. Respondent then filed an appeal with the Morrow County Court of Common Pleas as well as with the Franklin County Court of Common Pleas. Respondent has dismissed the Franklin County appeal. After Relator filed the instant Complaint, Respondent filed a motion for stay of the SBPR disaffirmance in the Morrow County Court of Common Pleas Court. That court has not yet ruled on the motion for stay.
 {¶ 3} Upon review of the Complaint, this Court issued an alternate writ ordering Respondent to reinstate Relator or in the alternative to show cause as to why Relator should not be reinstated. Respondent submitted a response to our alternative writ arguing the writ should not issue for the following reasons: *Page 3 
 {¶ 4} "I. MR. MILLINGTON IS NOT ENTITLED TO MANDAMUS RELIEF SINCE A PLAIN AND ADEQUATE REMEDY AT LAW EXISTS;
 {¶ 5} II. THE COMMISSIONERS ARE ENTITLED TO A STAY AS A MATTER OF RIGHT, AND ANY MANDAMUS RELIEF TO MR. MILLINGTON IS INCONSISTENT WITH THAT RIGHT; AND
 {¶ 6} III. ALTERNATIVELY, MR. MILLINGTON SHOULD FIRST BE REQUIRED TO POST A SUFFICIENT BOND PRIOR TO OBTAINING REINSTATEMENT WITH BACKPAY."
 I. {¶ 7} We find Respondent has shown cause as to why the writ should not issue. Therefore, we deny the request to issue a writ of mandamus for the reasons that follow:
 {¶ 8} For a writ of mandamus to issue, the relator must have a clear legal right to the relief prayed for, the respondents must be under a clear legal duty to perform the requested act, and relator must have no plain and adequate remedy in the ordinary course of law. State, ex rel.Berger, v. McMonagle (1983), 6 Ohio St.3d 28, 6 OBR 50, 451 N.E.2d 225.
 {¶ 9} Initially, this Court believed the writ should issue pursuant toState ex rel. Kabatek v. Stackhouse (1981), 66 Ohio St.2d 64. However, upon further review, we find Kabatek to be distinguishable from the instant case.
 {¶ 10} In State ex rel. Kabatek v. Stackhouse (1981),66 Ohio St.2d 64, Relator Joseph Kabatek's layoff was disaffirmed, and he was ordered reinstated to his former position. No appeal of the reinstatement order was taken to the common pleas court. When he returned to work, he was placed in a different position. He was subsequently *Page 4 
laid off while working in the second position. The SBPR affirmed the layoff from the second position. Kabetek appealed the decision regarding the second position to the Common Pleas Court. While the appeal was pending, Kabetek filed a Petition for Writ of Mandamus in the Court of Appeals relative to the failure of his employer to reinstate him to the first position. The Court of Appeals dismissed the mandamus action because of the pending appeal regarding the second position layoff. The Supreme Court held the appellate court's consideration of the appeal from the second layoff was erroneous. Additionally, the Supreme Court held mandamus was proper for Kabetek to obtain reinstatement and back pay for the first position.
 {¶ 11} This Court believes this holding by the Supreme Court was based upon the premise the employer in Kabetek did not pursue an appeal from the first order of disaffirmance. Rather, it appears the time for appeal had passed, therefore, the reinstatement order in Kabetek had become the law of the case.
 {¶ 12} In the case at bar, we similarly have an employee whose removal was disaffirmed and a Respondent who has failed to reinstate the employee. However, we have an additional factor which was not present in Kabetek which is the existence of a pending appeal in the Common Pleas Court related to the disaffirmance by the SBPR. For this reason, we find Kabetek to be procedurally distinguishable from the facts in this case.
 {¶ 13} Respondent relies on the Supreme Court's syllabus and holding in State ex rel. Akron Coal Co. v. Bd. of Directors of MuskingumWatershed Conservancy Dist., et al. (1940), 136 Ohio St. 485. In that case, Akron Coal Co. sought a writ of mandamus to require the Board of Directors of the Muskingum Watershed Conservancy District to *Page 5 
compel the Board to initiate condemnation of land proceedings as was ordered by the Conservancy Court. The Supreme Court's syllabus inAkron states, "Where a prior action is pending between the same litigants, involving the same subject-matter, in a court having jurisdiction, a mandamus proceeding in another court is barred, unless it is plain that adequate relief is not obtainable in the prior case."Akron at 485.
 {¶ 14} Applying the Akron syllabus to the facts of this case, we are required to find mandamus to be inappropriate unless we find it is plain that adequate relief is not obtainable in the Morrow County Common Pleas Court case. In this case, there is a prior action pending in the Morrow County Court which is a court with jurisdiction to hear the appeal pending before it, and the litigation involves the same subject matter as the mandamus action. Further, we find the Common Pleas Court can provide adequate relief, therefore, we deny the issuance of the writ.
 {¶ 15} Relator's Petition for Writ of Mandamus is denied.
Hoffman, J., Farmer, P.J. and Delaney, J. concur. *Page 6 
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, Relator's Complaint for Mandamus is denied. Costs assessed to Relator. *Page 1