[Cite as *State ex rel. T.P. v. Franklin Cty. Children Servs.*, 2018-Ohio-4129.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. T.P., | : | |
| | : | |
| Relator, | : | |
| | : | |
| v. | : | No. 18AP-163 |
| | : | |
| Franklin County Children Services et al., | : | (REGULAR CALENDAR) |
| | : | |
| Respondents. | : | |
| | : | |

D E C I S I O N

Rendered on October 11, 2018

T.P.*, pro se.*

*Ron O'Brien*, Prosecuting Attorney, and *Arthur J. Marziale, Jr.,* for respondent.

IN MANDAMUS
ON RESPONDENT'S MOTION TO DISMISS

TYACK, J.

{¶ 1} T.P. filed this action in mandamus seeking a writ to compel that he be granted a jury trial and other relief in his proceedings in the Franklin County juvenile court. Franklin County Children Services ("FCCS") filed a motion to dismiss alleging that T.P. does not have a right to the requested relief so his petition fails to state a claim on which relief can be granted. T.P. responded with a document alleging that he does have such a right.

{¶ 2} In accord with Loc.R. 13(M) of the Tenth District Court of Appeals, the case was referred to a magistrate to conduct appropriate proceedings. The magistrate reviewed the documents filed and prepared a magistrate's decision, appended hereto, which contains

detailed findings of fact and conclusions of law.  The magistrate recommended that we deny the request for a writ because T.P. has an adequate remedy at law.

{¶ 3}   No party has filed objections to the magistrate's decision.

{¶ 4}   Upon review of the magistrate's decision, we find no error of fact or law on the face of the document.  We, therefore, adopt the findings of fact and conclusions of law in the magistrate's decision and deny the request for a writ of mandamus.

*Writ of mandamus denied.*

KLATT and BRUNNER, JJ., concur.

––––––––––––

# A P P E N D I X

### IN THE COURT OF APPEALS OF OHIO

### TENTH APPELLATE DISTRICT

The State ex rel.                                    :
T.P.,
                                                     :
        Relator,
                                                     :
v.                                                                No. 18AP-163
                                                     :
Franklin County Children Services et al.,                        (REGULAR CALENDAR)
                                                     :
        Respondents.
                                                     :

---

### M A G I S T R A T E ' S   D E C I S I O N

### Rendered on July 13, 2018

---

T.P.*, pro se.*

*Ron O'Brien*, Prosecuting Attorney, and *Arthur J. Marziale, Jr.,* for respondent.

---

### IN MANDAMUS
### ON RESPONDENT'S MOTION TO DISMISS

{¶ 5} In this original action, relator, T.P., acting pro se, requests a writ of mandamus ordering that various actions be taken relating to an action pending in the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, in case No. 14JU-4087, in which relator is a party.

<u>Findings of Fact</u>:

{¶ 6} 1. On March 8, 2018, relator, acting pro se, filed this mandamus action against several named respondents including Franklin County Children Services ("FCCS").

{¶ 7} 2. In his complaint, relator alleges that, in case No. 14JU-4087, he was determined to be the biological father of MN and MS who are the children of T.L., their

mother. Relator also alleges that a third child, K.L., is the brother of MN and MS. However, K.L. is not alleged to be relator's biological child. Relator alleges that he "has assisted in the rearing of [K.L.], his non biological son since he was 18 months of age or thereabouts."

{¶ 8} 3. According to the complaint:

Relator provided, cared for and reared the three children up to the evening Relator was ordered, by an uniformed officer of the Columbus Police Department, under the threat of being arrested, and in violation of his rights and protections under the provisions of the 4th and 14th Amendments, to surrender [MN] and [MS] to the four or five FCCPS employees that accompanied him.

{¶ 9} 4. Apparently, MN and MS are currently in the custody of foster care providers.

{¶ 10} 5. According to the complaint, an "emergency hearing" was held on November 8, 2017 before a juvenile court magistrate.

{¶ 11} 6. In the complaint, among the relief sought:

Command * * * the Family Court to grant biological father, [T.P.] temporary custody of [MN] and [MS], his biological children, a period of six weeks, (42) days, or until home study is completed, as they should have done, immediately, when the DNA results were received by them from Children's Services.

* * *

Order that the third child, [K.L.], the brother of [MS] and [MN], also be placed temporarily in custody of Relator along with the Twins, to alleviate any psychological problems resulting from being separated from his siblings.

{¶ 12} 7. On April 5, 2018, respondent FCCS moved for dismissal of this action. In support, respondent appended to its motion as exhibit A, a juvenile court document captioned "Pretrial Summary and Judgment Entry on Motion/Complaint for Permanent Custody/Planned Permanent Living Arrangement." The document presents a juvenile court entry scheduling the matter for trial June 11 through 12, 2018.

{¶ 13} 8. In its memorandum in support of its motion to dismiss, respondent asserts that, through this original action, relator "seeks an order of mandamus for the

purpose of compelling a specific outcome in the underlying juvenile court matter." According to respondent, "[relator] seeks an order from this court compelling the juvenile court to rule in his favor." Respondent further argues:

> In the instant case, the underlying case referenced by Relator has not yet been fully disposed of by the Juvenile Court. However, when the case is finally decided, Relator will have an adequate remedy by way of appeal.

Respondent concludes:

> Here, the "RELIEF SOUGHT" section of Relator's complaint is more or less a series of instructions that he seeks from this Court, simply directing the Juvenile Court to rule in his favor. That is clearly an improper use of the writ of mandamus. Relator must allow the underlying court proceeding go to a final, appealable order and then perfect an appeal. That is his proper, and only, legal remedy. Respondent FCCS owes him no clear legal duty and he has an adequate remedy at law. Therefore, Relator's complaint fails to state a claim against Respondent FCCS and the complaint should be dismissed.

(Emphasis sic.)

{¶ 14} 9. On May 18, 2018, relator filed a memorandum contra respondent's motion to dismiss. In his memorandum contra, relator agrees that a trial was scheduled for June 11, 2018.

{¶ 15} 10. On May 29, 2018, respondent filed a reply in support of its motion to dismiss.

{¶ 16} 11. On June 21, 2018, relator filed another memorandum contra respondent's motion to dismiss. Relator's June 21, 2018 filing is out of rule. *See* Loc.R. 13(E).

{¶ 17} 12. This matter is currently before this magistrate on respondent's motion to dismiss.

Conclusions of Law:

{¶ 18} Because relator has a plain and adequate remedy at law by way of an appeal of a final judgment of the juvenile court in case No. 14JU-4087, it is the magistrate's decision that this court grant respondent's motion to dismiss, as more fully explained below.

{¶ 19} It is well-settled that, in order for a writ of mandamus to issue, the relator must demonstrate: (1) that he has a clear legal right to the relief requested, (2) that the respondent is under a clear legal duty to perform the act, and (3) that relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28 (1983).

{¶ 20} A Civ.R. 12(B)(6) motion to dismiss tests the sufficiency of a complaint. *State ex rel. Boggs v. Springfield Local School Dist. Bd. of Edn.*, 72 Ohio St.3d 94 (1995), citing *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545 (1992).

{¶ 21} In reviewing the complaint, the court must take all of the material allegations as admitted and construe all reasonable inferences in favor of the non-moving party. *Id.*

{¶ 22} " 'A complaint in mandamus states a claim if it alleges the existence of the legal duty and the want of an adequate remedy at law with sufficient particularity so that the respondent is given reasonable notice of the claim asserted.' " *Hanson* at 548, quoting *State ex rel. Alford v. Willoughby,* 58 Ohio St.2d 221, 223-24 (1979).

{¶ 23} "In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted (Civ.R. 12(B)(6)), it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien v. Univ. Community Tenants Union*, 42 Ohio St.2d 242 (1975), syllabus.

{¶ 24} Based on the undisputed facts of this action, it is clear beyond doubt that relator has a plain and adequate remedy at law that bars relief in this mandamus action.

{¶ 25} Accordingly, it is the magistrate's decision that this court grant respondent's motion to dismiss.

/S/ MAGISTRATE
KENNETH W. MACKE

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).